Amy M. Samberg, NV Bar No. 10212
asamberg@fgppr.com
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
400 East Van Buren Street, Suite 550
Phoenix, AZ 85004
Telephone:  602-926-9880
Facsimile:  312-863-5099

Lee H. Gorlin, NV Bar No. 13879
lgorlin@fgppr.com
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052
Telephone:  702-827-1510
Facsimile:  312-863-5099

*Attorneys for Chubb Bermuda Insurance, Ltd*

# UNTITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BLOOMIN' BRANDS, INC., | CASE NO.  21-310 |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| AIG SPECIALTY INSURANCE COMPANY; ARCH SPECIALTY INSURANCE COMPANY; ALLIED WORLD ASSURANCE COMPANY; CHUBB BERMUDA INSURANCE LTD.; ACE AMERICAN INSURANCE COMPANY; CRUM & FORSTER SPECIALTY COMPANY; HALLMARK INSURANCE COMPANY; HDI GLOBAL INSURANCE COMPANY; IRONSHORE SPECIALTY INSURANCE COMPANY; MAXUM INDEMNITY COMPANY; ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY; WESTCHESTER SURPLUS LINES INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY, | |
| Defendants. | |

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, Nevada 89052

1

**NOTICE OF REMOVAL**

2  TO:     THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT:

3           Pursuant to 9 U.S.C. §§ 202 and 205, and 28 U.S.C. §§ 1441 and 1446, Defendant Chubb

4  Bermuda Insurance Ltd. ("Chubb") hereby removes this state court action, entitled *Bloomin'*

5  *Brands, Inc. v. AIG Specialty Insurance Company, et. al.*, Eighth Judicial District Court Civil

6  Action No. A-21-829435-B[1] (the "State Action") to the United States District Court for the District

7  of Nevada.  The grounds for this removal arise out of an international arbitration agreement to be

8  conducted pursuant to the Arbitration Act of 1996 of the United Kingdom.  Under the Federal

9  Arbitration Act, Chubb has an automatic right to remove this entire action to federal court without

10  obtaining the consent of any defendant.  In support of its petition for removal, Chubb states as

11  follows:

12           1.      Defendant Chubb is a foreign company, incorporated under the laws of Bermuda

13  with its principal place of business in Hamilton, Bermuda.  Chubb has no offices and does not

14  transact business in the United States, let alone Nevada.

15           2.      Chubb issued an excess property policy to Bloomin' Brands, Inc. ("BBI") bearing

16  number 01547P02 (the "Chubb Policy"), which contains a provision that mandates any disputes or

17  controversies be arbitrated in London under the Arbitration Act of 1996 (as amended or

18  supplemented) of the United Kingdom.  A copy of the Chubb Policy is annexed hereto as ***Exhibit A***.

19           3.      On or about February 12, 2021, BBI filed the complaint in the State Action in the

20  Eighth Judicial District Court, Clark County, Nevada, asserting claims for coverage and bad faith

21  claim handling against, among others, Chubb.  S*ee,* Complaint, attached hereto as ***Exhibit B***.  The

22  Complaint, along with Summons has not been served on Chubb.  Upon information and belief, no

23  defendant in this action has been served with a Summons and a copy of the Complaint.

24           4.      The filing of the lawsuit against Chubb was and is in contravention of the mandatory

25  arbitration provision of the Chubb Policy.

26

27  _____

28  [1] The State Action was initially designated with case number A-21-829435-C , but the number has
been changed to its current case number, A-21-829435-B.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, Nevada 89052

5.     The Chubb Policy has a broad and all-encompassing arbitration provision:

> Any dispute arising out of or relating to this Policy, or the breach thereof, shall be fully and finally determined in London, England under the provisions of the Arbitration Act of 1996 (as amended or supplemented) by an Arbitration Board composed of three arbitrators. . . . All awards made by the Arbitration Board shall be final and no right of appeal shall lie from any award rendered by the Arbitration Board.

Exhibit A, at pg. 6 (§ 4) (BBI_001113).

6.     The arbitration agreement between Chubb and BBI is an international arbitration agreement subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter "the Convention").  21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, art. II, June 10, 1958.

7.     BBI is obligated to comply with the above arbitration provision.

8.     This removal is predicated upon the FAA and an international agreement between Chubb and BBI to arbitrate any claims and disputes with respect to the Chubb Policy in London under various UK Arbitration Acts.

9.     Section 202 of the FAA provides that "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . falls under the Convention" unless the agreement arises out of a relationship "entirely between citizens of the United States."  9 U.S.C. § 202.

10.     Section 205 of the FAA authorizes the removal of state court actions involving an arbitration agreement falling under the Convention as follows:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.  The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205.

11.     Under 28 U.S.C. §§ 1441 and 1446, defendants have a statutory right to remove a case from state court to the district and division of the United States District Court within which

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, Nevada 89052

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, Nevada 89052

1   such state court action is pending where that case could have originally been filed in federal court.

2   The grant of this right is authorized, in part, by Article III, Section 2 of the United States

3   Constitution, which extends judicial power of the federal courts to controversies "arising under the

4   Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

5          12.    BBI's claims are thus removable because they involve an arbitration agreement that

6   falls under the Convention, and the implementation of the arbitration will affect the outcome of the

7   action against Chubb.  This Notice of Removal is timely filed under the FAA.  *See* 9 U.S.C. § 205

8   (permitting removal "at any time before the trial").[2]

9          13.    BBI's claims against Chubb cannot be resolved without interpreting the

10  arbitration agreement pursuant to the FAA (9 U.S.C. § 2).  As such, the resolution of the claims

11  between BBI and Chubb requires the interpretation of Federal law thus presenting a Federal

12  Question and invoking this Court's jurisdiction.  28 U.S.C. §§ 1331, 1441(a).

13         14.    When a civil action is removed solely under §1441(a), only those defendants

14  who have been properly joined and served must join in or consent to the removal of the

15  action.  28 USC §1446(b)(2)(A).  Moreover, there is no requirement under the FAA that Chubb

16  obtain the consent of any other defendant in removing this action to this Court pursuant to the FAA.

17  Indeed, it would be contrary to and inconsistent with the objectives and purposes of allowing

18  removal from state court to federal court under the FAA to require the removing party to obtain

19  consent of all other defendants.[3]

20

21

22  [2] Nev. Rev. Stat. § 597.995, governing arbitrations, has been deemed preempted by the FAA

23  *MMAWC, LLC v. Zion Wood Obi Wan Tr.*, 448 P.3d 568, 571 (Nev. 2019); *Godhart v. Tesla, Inc.*, No. 2:19-cv-01541-JAD-VCF, 2020 WL 2992414, at *3 (D. Nev. June 4, 2020).

24  [3] Moreover, because no other defendant has been served at the present time, their consent is not

25  required.  *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir.1984) (superseded by statute on other grounds); *see also Nat'l Roofing Indus. Pension Plan v. Acropolis Investments,*

26  *Ltd.*, No. 2:10-CV-1882 JCM LRL, 2011 WL 830269, at *1 (D. Nev. Mar. 4, 2011)*; Fortunato v. Countrywide Home Loans Inc.*, No. 2:12-CV-360-JCM-PAL, 2012 WL 13055160, at *1 (D. Nev.

27  Apr. 6, 2012); *Voga v. U.S. Bank*, No. 3:11-CV-316-RCJ-VPC, 2011 WL 5180978, at *3-4 (D. Nev. Oct. 27, 2011).

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15.     The State Court Action is pending in the Eighth Judicial District Court of the State of Nevada, County of Clark.   This Court embraces Clark County.  28 U.S.C. § 108.  This Court is, therefore, the proper court to which the action should be removed.  28 U.S.C. §§ 1441(a), and 1446(a).

WHEREFORE, Chubb hereby notifies the Plaintiff and the Court that this action has been removed from The Eighth Judicial District Court of the State of Nevada, County of Clark.

Dated this 24th day of February 2021.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC

By    /s/ Amy M. Samberg
Amy M. Samberg (NV Bar No. 10212)
400 E. Van Buren, Suite 550
Phoenix, AZ 85004

Lee H. Gorlin (NV Bar No. 13879)
2200 Paseo Verde Parkway, Suite 280
Henderson, NV 89052

*Attorneys for Chubb Bermuda Insurance, Ltd.*

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, Nevada 89052

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
2200 Paseo Verde Parkway, Suite 280
Henderson, Nevada 89052

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served this date by the method indicated:

☐ **BY FAX:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document(s).

☐ **BY U.S. MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☒ **BY ELECTRONIC SERVICE:** submitted to the above-entitled Court for electronic service upon the Court's Service List for the above-referenced case.

☐ **BY EMAIL:** by emailing a PDF of the document listed above to the email addresses of the individual(s) listed below.

Dated this 24th day of February 2021.

_/s/ Regina Brouse_
An Employee of Foran Glennon