*BLOOMIN' BRANDS, INC. v. AIG SPECIALTY INSURANCE COMPANY, et al.*

CASE NO.: 21-310

**Chubb Bermuda Insurance, Ltd.'s Notice of Removal**

# EXHIBIT A

**Excess property policy to Bloomin' Brands, Inc. - policy number 01547P02 (the "Chubb Policy")**

*BLOOMIN' BRANDS, INC. v. AIG SPECIALTY INSURANCE COMPANY, et al.*

CASE NO.: 21-310

CHUBB®

## Property Insurance Policy Declarations

| | | | |
|---|---|---|---|
| **Named Insured:** | **Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and Private Restaurant Properties, LLC** | **Broker:** | **Willis Towers Watson (Bermuda)** |
| **Insured Address:** | 2202 N. West Shore Blvd. 5th Floor Tampa, Florida 33607 U.S.A. | **Broker Address:** | Willis North America - Bermuda Wellesley House, 2nd Floor 90 Pitts Bay Road Pembroke HM 08 Bermuda |

**Policy Number:** **BLOOMIN 01547P02**
**Policy Period:** **December 31, 2019 to December 31, 2020**
**(12:01 am on both dates at location of property)**

### Layer Details

| | | | | | | |
|---|---|---|---|---|---|---|
| **Limit** | USD | 40,000,000 | **Gross Premium** | USD | 52,800.00 |
| **Part Of** | USD | 50,000,000 | *Layer Premium $66,000* | | |
| **Excess Of** | USD | 50,000,000 | **Commission** | 10% | 5,280.00 |
| *Excess of underlying deductibles/SIR Annual aggregates apply to Earthquake and Flood* | | | **Net Premium** | | 47,520.00 |
| | | | **Minimum Earned Premium** | | 25% |
| | | | **Premium Due** | | January 30, 2020 |

| | | |
|---|---|---|
| **Deductibles:** | Per Attached Policy | **Per Occurrence** |
| **Ground up Sublimits** | Per Attached Policy with the following exceptions: DAMAGES AND PENALTIES $5,000,000 per Occurrence LAND AND WATER CONTAMINANT OR POLLUTANT CLEAN-UP, REMOVAL OR DISPOSAL $5,000,000 per Occurrence and annual aggregate. FINE ARTS $5,000,000 per Occurrence | |
| **Followed Policy:** | As Attached | |

i

**BBI_001108**

**FATCA:**

"The U.S. Foreign Account Tax Compliance Act, commonly as "FATCA", became the law in the U.S. in March of 2010 and became effective July 1, 2014. Pursuant to FATCA, brokers, producers, agents and/or clients may need to obtain withholding certificates from insurance companies. For information on how to obtain the applicable withholding certificate from Chubb Bermuda Insurance, please go to : http://www.acegroup.com/us-en/businesses/foreign-account-tax-compliance-act-fatca.aspx."

BBI_001109

**Exceptions to the Followed Policy:**

1. Addition of the attached General Conditions and deletion of any conflicting or waiver provisions in the Followed Policy

2. Exemption from service of suit and/or any other action on the part of the Insured or representative which would make the Company subject to any jurisdiction in the United States of America.

3. Additional Exclusions – Terrorism, Electronic Data and Media, Biological, Chemical, Nuclear, Radiological per attached General Conditions.

4. The Company shall not provide coverage for or be liable to pay any claim hereunder if and to the extent such coverage or payment would violate, or expose the Company, or any of its directors, officers, employees or agents, to any sanctions or penalties under any applicable trade or economic sanctions laws, rules, regulations or resolutions.

5. Certificate of Insurance: Wording as per the attached Certificates of Insurance – Automatic Additional Insured and Loss Payee Endorsement [AGP-33207 (05/16)]

6. Perils Insured: All Risk of direct physical loss or damage to the insured property occurring during the policy period from any cause and within the Territory stated except as specifically excluded by the followed policy form.

7. Changes to Policy Form

    i. Page 24, Clause G. DEFENSE COSTS is hereby deleted in its entirety.
    ii. Page 40, Clause 23. APPRAISAL is hereby deleted in its entirety.
    iii. Page 41, Clause 29. SUIT AGAINST THE COMPANY is hereby deleted in its entirety.
    iv. Page 44, Clause 33. NON-RENEWAL is hereby deleted in its entirety.
    v. Page 45, Clause 36. CONFORMANCE is hereby deleted in its entirety.
    vi. 6. Page 45, Clause 40. LIBERALIZATION is hereby deleted in its entirety.

BBI_001110

Issued by Chubb Bermuda Insurance Ltd. at Hamilton, Bermuda on:

Date: March 10, 2020

_____
Mrs. Stephanie Loper
Chubb Bermuda

_____
Mr. Matt Ferris
Chubb Bermuda

THESE DECLARATIONS AND THE GENERAL CONDITIONS, TOGETHER WITH THE FOLLOWED POLICY ATTACHED HERETO, CONSTITUTE THE INSURANCE POLICY.

.

BBI_001111

## GENERAL CONDITIONS

1.  INSURING AGREEMENT

Chubb Bermuda Insurance Ltd., hereinafter called "Chubb", agrees to provide insurance coverage to the Insured in accordance with the terms, conditions, exclusions and limitations of the Followed Policy, except as superseded limited or excluded herein, and subject to the applicable Retention Amount(s) and Limit(s) of Liability as shown in the Declarations.

2.  RETENTION AMOUNT(S), EXHAUSTION OF UNDERLYING AND LIMIT(S) OF LIABILITY:

In each case of loss or damage covered by the Policy, Chubb shall not be liable unless the Insured sustains covered loss and/or damage in a single Occurrence in excess of (i) the applicable Retention Amount(s) and (ii) the underlying insurance limit(s) (collectively, the "Underlying"), and then Chubb shall be liable up to a maximum of the Limit(s) of Liability.

In the event one or more component(s) of a property claim is accounted for or Insured by the Underlying but is not covered by the excess insurance underwritten by Chubb, then the adjusted amount for the component(s) shall be applied first to the Underlying for purposes of determining the erosion of exhaustion of the Underlying. Thereafter, the adjusted amount for any component of the claim insured by the Underlying and by Chubb shall be applied in addition to determine the further amount, if any, that is due respectively from the Underlying and from Chubb. In no event, however, shall Chubb be obligated to pay any amount unless and until the full amount of the Underlying has been accounted for in accordance with this Paragraph 2 or, where applicable, Paragraph 3 below.

When the Policy covers more than one location, the Retention Amount(s) and Limit(s) of Liability shall apply against the total loss or damage to all locations covered by this Policy in any one Occurrence.

Any loss paid hereunder as respects one Occurrence shall not reduce the Limit(s) of Liability applicable to any other Occurrence except for any peril to which a Policy Period aggregate Limit(s) of Liability applies. Where a Policy Period aggregate Limit(s) of Liability applies, such amount shall be the maximum payable by Chubb as respects all loss or damage arising out of such peril during the Policy Period irrespective of the number of Occurrences. If the Limit(s) of Liability is or are expressed as a portion of the layer, then Chubb's liability shall be no greater than that proportion throughout such layer.

3.  AGGREGATE RETENTION AMOUNT(S): FLOOD AND EARTHQUAKE

Notwithstanding any other provision of the Policy, as respects the perils of flood or earthquake, the Aggregate Retention Amount(s) set forth in the Declarations shall be an aggregate retention amount in respect of all Occurrences which commence during the Policy Period such that in the event, and only in the event, of the reduction or exhaustion of the aggregate Limit(s) of Liability under any or all underlying policies solely by reason of losses actually paid thereunder with respect to Flood or Earthquake (whether or not such losses would be covered by this Policy were the terms, conditions and exclusions hereof applicable thereto), this coverage shall (i) in the event of reduction, pay on the basis of the terms, conditions, limits and exclusions hereof excess of the reduced underlying limit(s) and (ii) in the event of exhaustion of the underlying, continue in force and respond at the exhausted limit level on the basis of the terms, conditions, limits and exclusions hereof.

v

Any deductible or self-insured retention shall be treated for the purposes hereof as if it were subject to the same terms, conditions and exclusions as the primary (or lowest layer) policy.

Without limiting the foregoing, this Policy shall apply only as if all such underlying insurance were fully collectable by the Insured for any losses thereunder, and this Policy shall not drop down in respect of any insolvent or uncollectible underlying insurance. In the event the Insured accepts for itself an amount that otherwise would be due from insolvent or uncollectable underlying insurance, that amount shall be treated hereunder as if paid by such insurance.

4. ARBITRATION

Any dispute arising out of or relating to this Policy, or the breach thereof, shall be fully and finally determined in London, England under the provisions of the Arbitration Act of 1996 (as amended or supplemented) by an Arbitration Board composed of three arbitrators. Each arbitrator shall be an active Queens Counsel or retired judge of the English High Court or Court of Appeal familiar with insurance and the Act. All matters relating to the existence of the agreement to arbitrate and the selection of arbitrators shall be determined under the laws of England and Wales. The arbitrators shall be selected for each controversy as follows:

Either party to the dispute, once a claim or demand on its part has been denied or remains unsatisfied for a period of twenty (20) calendar days by the other party, may notify the other party of its desire to arbitrate the matter in dispute and at the time of such notification the party desiring arbitration shall notify the other party of the name of the arbitrator selected by it. The other party who has been so notified shall within ten (10) calendar days thereafter select an arbitrator and notify the party desiring arbitration of the name of such second arbitrator. If the party notified of a desire for arbitration shall fail or refuse to nominate the second arbitrator within ten (10) calendar days following the receipt of such notification, the party who first served notice of a desire to arbitrate will, within an additional period of ten (10) calendar days, apply to the High Court in London for the appointment of a second arbitrator and in such a case the arbitrator appointed by the High Court in London shall be deemed to have been nominated by the party who failed to select the second arbitrator. The two arbitrators, chosen as above provided, shall within ten (10) calendar days after the appointment of the second arbitrator choose a third arbitrator. In the event of the failure of the first two arbitrators to agree on a third arbitrator within the said ten (10) calendar day period, either party may within a period of ten (10) calendar days thereafter, after notice to the other party, apply to the High Court in London for the appointment of a third arbitrator. Upon acceptance of the appointment by said third arbitrator, the Arbitration Board for the controversy in question shall be deemed fixed.

The Arbitration Board shall fix, by a notice in writing to the parties involved, a reasonable time and place for the hearing and may in said written notice or at the time of the commencement of said hearing, at the option of said Arbitration Board, prescribe reasonable rules and regulations governing the course and conduct of said hearing.

The Board, shall, within ninety (90) calendar days following the conclusion of the hearing, render its decision on the matter or matters in controversy in writing and shall cause a copy thereof to be served on all parties thereto. In case the Board fails to reach a unanimous decision, the decision of the majority of the members of the Board shall be deemed to be the decision of the Board.

All awards made by the Arbitration Board shall be final and no right of appeal shall lie from any award rendered by the Arbitration Board. The parties agree that no court in any jurisdiction: (i) shall grant leave to appeal any award based upon a question of law arising out of the award; (ii) shall grant leave to make an application with respect to an award; and (iii) shall assume jurisdiction upon any application by a party to determine any issue of law arising in the course of the arbitration proceeding, including but not limited to whether a party has been guilty of fraud.

BBI_001113

All awards made by the Arbitration Board may be enforced in the same manner as a judgment or order from any court of competent jurisdiction and judgment may be entered pursuant to the terms of the award.

Chubb and the Insured agree that in the event that claims for indemnity or contribution are asserted in any action or proceeding against Chubb by any of the Insured's other insurers in any jurisdiction or forum other than that set forth in this clause, the Insured will in good faith take all reasonable steps requested by Chubb to assist Chubb in obtaining a dismissal of these claims (other than on the merits) and will, without limitation, undertake to the court or other tribunal to reduce any judgment or award against such other insurers to the extent that the court or tribunal determines that Chubb would have been liable to such insurers for indemnity or contribution pursuant to this Policy.  The Insured shall be entitled to assert claims against Chubb for coverage under this Policy, including, without limitation, for amounts by which the Insured reduced its judgment against such other insurers in respect of such claims for indemnity or contribution, in an arbitration between Chubb and the Insured pursuant to this clause; provided, however, that Chubb in such arbitration in respect of such reduction of any judgment shall be entitled to raise any defenses under this Policy and any other defenses (other than jurisdictional defenses) as it would have been entitled to raise in the action or proceeding with such insurers.

5.  GOVERNING LAW AND INTERPRETATION

This Policy shall be construed and enforced in accordance with the laws of the State of New York in the United States, except insofar as such laws:

    (1)    pertain to regulation under New York Insurance law, or regulations issued by the Insurance Department of New York pursuant thereto, applying to insurers doing business, or issuance, delivery or procurement of policies of insurance, within the State of New York or as respects risks or insureds situated in the State of New York;

    (2)    pertain to choice of law rules that result in the selection of a substantive state law other than New York;

    (3)    purport to limit, exempt, repeal or otherwise qualify in any way the exclusion of all physical loss or damage and of all other interests, expenses or sums arising from or relating to terrorism, including but not limited to fire-following terrorism; or

    (4)    are inconsistent with any of the provisions of this Policy.

The terms, conditions, exclusions, and limitations of this Policy are to be construed in an even-handed fashion as between the Insured and Chubb.  Without limitation, where the language of this Policy is deemed to be ambiguous or otherwise unclear, the issues shall be resolved in the manner most consistent with the relevant terms, conditions, exclusions, and limitations (without regard to authorship of the language, without any presumption or arbitrary interpretation or construction in favor of either the Insured or Chubb and without reference to parol evidence.)  In any circumstance where New York law does not apply, the law of England and Wales governs this contract.

6.  ADMINISTRATION

    A.    Application of Recoveries:  All recoveries or payments recovered or received subsequent to a loss settlement under this Policy shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Insured and Chubb, provided always that the foregoing shall not affect the time when Loss under this Policy shall be payable.

    B.    Notice:  All notices to Chubb under any provisions of this policy shall be given by prepaid courier or electronic service properly addressed to Chubb at its address as shown below.  Notice so given shall be deemed to be received by Chubb on the next succeeding day.

BBI_001114

Claims Department
Chubb Bermuda Insurance Ltd.
Chubb Building
17 Woodbourne Avenue
Hamilton HM 08, BERMUDA
Telecopier: (441) 292-2456
E-Mail: bermudaclaimsnotices@chubb.com

NOTICES TO Chubb BERMUDA SENT BY E-MAIL ARE VALID ONLY IF VERIFIED BY A
RETURN RECEIPT FROM THIS E-MAIL ADDRESS. NO MESSAGE SENT TO ANY OTHER
E-MAIL ADDRESS, INCLUDING THOSE FOR SPECIFIC INDIVIDUALS OR GENERAL
COMPANY INFORMATION, SHALL CONSTITUTE VALID NOTICE OF A CLAIM.

C.    Cooperation: The Insured shall give Chubb such information and cooperation as it may reasonably
require. Chubb retains the right of appointment for loss representative for Chubb's interest at its
own expense.

D.    Cancellation: This Policy may be cancelled by the Insured at any time by written notice or
surrender of this Policy to Chubb. This Policy may also be cancelled by, or on behalf of Chubb by
delivering to the Insured, or by mailing to the Insured by registered mail, notice in accordance with
the cancellation provisions of the Followed Policy. Notwithstanding the above, Chubb may cancel
this Policy if the Insured fails to remit any premium payment when due by giving the Insured ten
(10) days written notice of cancellation and this Policy shall terminate at the date and hour
specified in such notice. Notwithstanding anything contained in the Followed Policy to the
contrary, Chubb shall not be required to provide notice of non-renewal to the Insured.

E.    Changes: The terms and conditions of this Policy shall be waived or changed only by written
endorsement duly issued to form a part hereof, signed by an authorised representative of Chubb.

F.    Headings: The descriptions in the headings and sub-headings of this Policy are inserted solely for
convenience and do not constitute any part of the terms or conditions hereof.

G.    Assignment: Assignment of interest under this Policy shall not bind Chubb unless and until its
consent is endorsed hereon.

7.  DEFINITIONS

A.    Except as set forth in the Declarations or in these General Conditions, the applicable terms shall
have the same meanings in this Policy as are attributed to them in the Followed Policy.

B.    The term "Insured" shall mean the entity named in Item 1 of the Declarations and any subsidiaries
or affiliates thereof insured by the Followed Policy.

8.  EXCLUSIONS

This section replaces and supercedes any provision in the Followed Policy or in these General Conditions that
contradicts or limits in any way the exclusion set forth below. Each of these exclusions applies regardless of any
other cause or event that in any way contributed concurrently or in any sequence to the loss claimed by the Insured.

viii

BBI_001115

Without qualification, this Policy does not insure loss, damage, business interruption, expense, cost, or any other interest or obligation directly or indirectly resulting from or arising out of or in any way related to the following matters:

A.    Terrorism

(1)    "Terrorism" as defined below; or

(2)    Any actions taken by or on behalf of any government or any branch or division thereof (including, without limitation, the uniformed armed forces, militia, police, state security, and anti-terrorism agencies) in responding to, combating, defending or retaliating against any act or acts of "terrorism".

As used herein, "Terrorism" means the use or threatened use of any violence or force (including acts of sabotage) by any person or persons for, including but not limited to, religious, racial, ethnic, ideological, political or financial ends, whether or not such person or persons are acting in concert with or on behalf of any organization or government (de facto or de jure). "Terrorism" includes, but is not limited to, any use or threatened use of violence, force or physical harm by any means that frightens, intimidates or instills fear in the public at large or any members of the public.

In any arbitration or proceeding in which Chubb submits that this exclusion applies, the burden of proving that the exclusion does not apply shall be on the Insured.

B.    Electronic Data and Media

Except as specifically set forth below, any circumstance involving loss, damage, destruction, distortion, erasure, corruption, alteration, diminishment in value, or loss of use of usefulness of;

(1)    "Electronic Data" by any cause whatsoever (including but not limited to "Computer Virus"); and/or

(2)    "Electronic Media" caused by or resulting from the foregoing.

This exclusion does not apply to loss or damage of Electronic Data or Electronic media caused by or resulting from the perils of fire, explosion, riot and civil commotion, aircraft or vehicle impact, sonic boom, sprinkler leakage, sinkhole, collapse, flood, earthquake, or volcanic action, and then only if and to the extent (i) that peril is insured by this Policy, and (ii) coverage is limited to that part of the Electronic Data or Electronic Media that sustains insured loss from that peril.

As used herein, "Electronic Data" means facts, concepts, information or data, including compilations thereof, in a form useable or intended for use or processing by Computers or for storage on Electronic Media. Electronic Data includes but is not limited to files, programs, applications, operating systems, and other coded instructions for the processing, calculation and storage of facts, concepts and information by Computers. "Electronic Media" means any physical device that holds, stores, contains or transfers Electronic Data, and includes but is not limited to disks, drives, films, tapes, records, drums, or cells.

As used herein "Computers" includes but is not limited to mainframes, servers, workstations and portable computers, personal information managers, wide and local area network hardware, electronic and electromechanical equipment, data processing equipment, electronic controls for machinery, electronically programmed memory chips, and electronically controlled communication equipment. "Computer Virus" means instructions, code, applications or any software program that has the ability or is suspected to have

ix

BBI_001116

the ability to damage, destroy, erase, corrupt, alter, or prevent access to Electronic Data, Electronic Media or Computers or to disrupt or interfere with the operations of Computers

In those circumstances where coverage exists as part of a loss insured under this Policy, Electronic Media or Electric Data shall be valued at the cost of the blank media plus the costs of copying or restoring Electronic Data from back-up or from originals of a previous generation, not including research and engineering or the costs or expense of recreating, gathering or assembling such Electronic Data. Under no circumstances shall this insurance or claim value include any amount pertaining to the value of such Electronic Data to the insured or any other party, even if such Electronic Data cannot be recreated, gathered or assembled. If not repaired, replaced or restored, Electronic Media shall be valued at the cost of the blank media.

C.      Biological, Chemical, Nuclear, Radiological

   1. The unlawful possession, use, release, discharge, dispersal or disposal of any chemical, bacteriological, viral, radioactive or similar agents or matter regardless of who is responsible for the act and whether war be declared or not.

   2. The unlawful possession, use, release, discharge, detonation, dispersal or disposal of any device or material capable of producing a nuclear reaction or the spread of radioactivity, regardless of who is responsible for the act and whether war be declared or not.

x

BBI_001117

**CERTIFICATES OF INSURANCE – AUTOMATIC ADDITIONAL INSURED AND LOSS PAYEE
ENDORSEMENT [AGP-33207 (05/16)]**
The following provisions are added to this policy and supersede and replace any conflicting provision in this policy
(including in any other endorsement hereto):

**POLICY MODIFICATION**
This Policy, including all endorsements hereto, contains all of the agreements between the Insured and the
Company concerning this insurance. The first Named Insured and the Company may request changes to this Policy.
This Policy can be changed only by endorsements issued by the Company and made a part of this Policy.

a. Notice to any agent or knowledge possessed by any agent or by any other person will not:
  (1) create a waiver, or change any part of this Policy; or
  (2) prevent the Company from asserting any rights under the provisions of this Policy.

b. Any Certificate of Insurance issued in connection with this Policy, whether by or on behalf of the Company or an
Insured, shall be issued solely as a matter of convenience or information of the addressee(s) or holder(s) of such
certificate of insurance. A Certificate of Insurance does not confer any rights upon any person or entity, nor alter
any term or condition of this Policy.

**Additional Insureds and Loss Payees**
Additional Insureds and Loss Payees do not have the same rights and obligations under this policy as a Named
Insured, or first Named Insured, and this provision does not confer any such rights or obligations on Additional
Insureds or Loss Payees. The term Additional Insureds and Loss Payees
means persons or entities, other than the First Named Insured or any other Named Insured, to whom money or
insurance proceeds is to be paid for a covered loss under this Policy. An Additional Insured and Loss Payee is not a
First Named or a Named Insured.

This provision does not apply to contractual requirements to add persons or entities as Named Insureds or
additional Named Insureds. Such Named Insureds or additional Named Insureds can only be added to this policy by
separate written endorsement.

1. If, pursuant to a written contract effective prior to the date of the loss in question, the Named Insured shown in
the Declarations ("first Named Insured") is required to add a person or entity to this policy that was not already
added:
 a. as an Additional Insured, then this policy shall be deemed to have been endorsed accordingly, subject to all other
terms, conditions, limits of liability and exclusions of this policy, as such person or entity's interest may appear;

b. as a Loss Payee, then this policy shall be deemed to have been endorsed accordingly, subject to all other terms,
conditions,  limits of liability and exclusions of this policy, and loss to covered property in which such Loss Payee
has an interest shall be adjusted with the Insured and payable jointly to the first Named Insured and such Loss
Payee; and no written endorsement to this policy shall be required in order for this provision to be effective as to
such person or entity subject to compliance with the following.

2. Pursuant to item 1. above and within ninety (90) business days after we are notified of a loss which may be
covered under this policy, the first Named Insured or its authorized representative shall:
 a. provide the Company with the identities of all persons or entities with interests in the property that is the subject
of the loss;
 and

xi

**BBI_001118**

b. provide the Company with copies of all contracts (predating the date of loss) requiring that such persons or entities be added to this policy as Additional Insureds or Loss Payees.

c. if the First Named Insured reasonably requires more than ninety (90) business days to produce the information required under paragraphs 2.a. and 2.b. above, the Company will provide extensions of time that are reasonable and appropriate for the circumstances, however all such requests must be made in writing to the Company.

3. If the first Named Insured or its authorized representative fails to comply with item 2. above, the Company shall assume that there are no such persons or entities, and:
a. the Company shall not be liable for any failure to take such person or entity's interest into account in the adjustment or payment of any loss; and

b. The Company can only accept copies of those contracts which require the addition of a person or entity as an Additional Insured or Loss Payee that are directly related to the property which is the subject of the loss. Providing the Company with copies of any and all contracts requiring addition of a person or entity as an Additional Insured or Loss Payee, or with bordereaux listings of all such persons and entities, at any time before, on, or after the date of a loss shall not constitute compliance with item 2. above.

4. This Additional Insureds and Loss Payees provision does not apply to the extent that trade or economic sanctions or other laws or regulations prohibit the Company from providing insurance to such persons or entities, including, but not limited to, the payment of claims.

BBI_001119

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP Holdings, LLC

# POLICY FORM

## TABLE OF CONTENTS

DECLARATIONS ............................................................................................................................. 6

    A.    **INSURED** ........................................................................................................................... 6

    B.    **MAILING ADDRESS** ...................................................................................................... 6

    C.    **PREMIUM** ....................................................................................................................... 6

    D.    **TERM OF INSURANCE** ................................................................................................ 6

    E.    **PARTICIPATION** ........................................................................................................... 7

    F.    **LIMITS OF LIABILITY** ................................................................................................ 7

    G.    **DEDUCTIBLE(S)** ........................................................................................................... 9

    H.    **WAITING PERIOD(S)** ................................................................................................. 11

    I.    **TERRITORY** ................................................................................................................. 12

    J.    **ASSIGNED ADJUSTER** ............................................................................................. 12

POLICY PROVISIONS ................................................................................................................. 13

    1.    **PERILS INSURED AGAINST** ................................................................................... 13

    2.    **COVERAGE** ................................................................................................................. 13

        A.    **Real and Personal Property** ...................................................................................... 13

        B.    **Business Interruption** ............................................................................................... 14

        C.    **Extra Expense** ............................................................................................................. 15

        D.    **Rental Value** ............................................................................................................... 15

        E.    **Royalties** ..................................................................................................................... 15

        F.    **Delay in Completion of the Project** ........................................................................ 16

        G.    **Time Element Extensions** .......................................................................................... 17

        H.    **Provisions Applicable to Business Interruption, Extra Expense, Rental Value, Royalties Coverages, Delay in Completion of the Project and Time Element Extension** ..................... 18

        I.    **Transit** ......................................................................................................................... 19

        J.    **Accounts Receivable** ................................................................................................. 20

        K.    **Leasehold Interest** .................................................................................................... 21

    3.    **COVERAGE EXTENSIONS** ...................................................................................... 23

        A.    **Brands or Trademarks** ............................................................................................. 23

        B.    **Consequential Loss** ................................................................................................... 23

        C.    **Consequential Reduction in Value** ......................................................................... 23

**BBI_001120**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

| | | |
|---|---|---|
| D. | Control of Damaged Goods | 23 |
| E. | Debris Removal and Cost of Clean-up | 23 |
| F. | Decontamination Costs of Insured Property | 24 |
| G. | Defense Costs | 24 |
| H. | Demolition and Increased Cost of Construction | 25 |
| I. | Expediting Expense | 25 |
| J. | Fire Department Charges and Extinguishing Expenses | 25 |
| K. | Land and Water Contaminant or Pollutant Clean-up, Removal and Disposal | 26 |
| L. | Loss Adjustment Expenses | 26 |
| M. | Sequential Loss | 27 |
| N. | Tax Treatment of Profits | 27 |
| 4. | PERILS EXCLUDED | 28 |
| 5. | PROPERTY EXCLUDED | 31 |
| 6. | VALUATION | 32 |
| A. | Stock | 32 |
| B. | Real and Personal Property | 32 |
| 7. | NEWLY ACQUIRED LOCATIONS | 35 |
| 8. | CONTRIBUTING INSURANCE | 35 |
| 9. | EXCESS INSURANCE | 35 |
| 10. | UNDERLYING INSURANCE | 35 |
| 11. | OTHER INSURANCE | 36 |
| 12. | PRIORITY OF PAYMENTS | 36 |
| 13. | EXCESS PARTICIPATION CLAUSE | 36 |
| 14. | SUBROGATION | 38 |
| 15. | SALVAGE AND RECOVERIES | 38 |
| 16. | MACHINERY | 39 |
| 17. | SUSPENSION | 39 |
| 18. | ERRORS OR OMISSIONS | 39 |
| 19. | NOTICE OF LOSS | 39 |
| 20. | PROOF OF LOSS | 39 |
| 21 | LOSS PAYABLE | 39 |
| 22. | PARTIAL PAYMENT OF LOSS | 40 |
| 23. | APPRAISAL | 40 |
| 24. | PAIR OR SET | 40 |
| 25. | ASSISTANCE AND COOPERATION OF THE INSURED | 40 |

BBI_001121

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

26.   SUE AND LABOR ......................................................................................... 41

27.   PAYMENT OF LOSS ................................................................................... 41

28.   REINSTATEMENT ...................................................................................... 41

290.  SUIT AGAINST THE COMPANY .............................................................. 41

30.   EVIDENCE OF INSURANCE ..................................................................... 42

   A.   Certificates of Insurance ....................................................................... 42

   B.   Memoranda of Insurance ....................................................................... 42

31.   MORTGAGEHOLDERS CLAUSE ............................................................. 42

32.   CANCELLATION ......................................................................................... 44

33.   NON-RENEWAL ........................................................................................... 44

34.   VALUES .......................................................................................................... 44

35.   TITLES OF PARAGRAPHS ........................................................................ 45

36.   CONFORMANCE .......................................................................................... 45

37.   CROSS LIABILITIES ................................................................................... 45

38.   ABANDONMENT .......................................................................................... 45

39.   ASSIGNMENT ............................................................................................... 45

40.   LIBERALIZATION ....................................................................................... 45

41.   BREACH OF WARRANTY .......................................................................... 45

DEFINITIONS ........................................................................................................ 46

   A.   Boiler and Machinery Accident ............................................................. 46

   B.   Ammonia Contamination ........................................................................ 47

   C.   Company(ies) ............................................................................................ 47

   D.   Data .......................................................................................................... 47

   E.   Earthquake ............................................................................................... 47

   F.   Fine Arts .................................................................................................. 47

   G.   Finished Stock ......................................................................................... 47

   H.   Flood ......................................................................................................... 47

   I.   Fungus ...................................................................................................... 48

   J.   Land Improvements ................................................................................ 48

   K.   Media ........................................................................................................ 48

   L.   Merchandise ............................................................................................. 48

   M.   Miscellaneous Unnamed Location .......................................................... 48

   N.   Named Windstorm .................................................................................. 48

   O.   Occurrence ............................................................................................... 49

   P.   Ordinary Payroll ..................................................................................... 50

BBI_001122

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

Q.  Policy .................................................................................................................... 50

R.  Pollutant ............................................................................................................... 50

S.  Program ................................................................................................................ 50

T.  Raw Stock ............................................................................................................ 50

U.  Securities ............................................................................................................. 50

V.  Soft Costs ............................................................................................................ 50

W.  Special Flood Hazard Areas (SFHA) ................................................................ 51

X.  Sprinkler Leakage .............................................................................................. 51

Y.  Stock in Process .................................................................................................. 52

Z.  Storm Surge ......................................................................................................... 52

AA. Time Element ...................................................................................................... 52

BB. Valuable Papers and Records ............................................................................ 52

CC. Water Damage ..................................................................................................... 52

**ADDENDUM A - New Madrid Earthquake Zone Counties** ................................. 53

**ADDENDUM B - Pacific Northwest Earthquake Zone Counties and Cities** ....... 54

**ADDENDUM C - Wind Counties** ............................................................................ 55

**ADDENDUM D – Special Flood Hazard Area Locations** ...................................... 56

**ENDORSEMENT NO. 1** ............................................................................................. 59

**ENDORSEMENT NO. 2** ............................................................................................. 60

**ENDORSEMENT NO. 3** ............................................................................................. 61

**ENDORSEMENT NO. 4** ............................................................................................. 62

**ENDORSEMENT NO. 5** ............................................................................................. 63

**ENDORSEMENT NO. 6** ............................................................................................. 64

**ENDORSEMENT NO. 7** ............................................................................................. 65

**ENDORSEMENT NO. 8** ............................................................................................. 67

**ENDORSEMENT NO. 9** ............................................................................................. 68

**LENDER'S LOSS PAYABLE ENDORSEMENT** ..................................................... 68

**ENDORSEMENT NO. 10** ........................................................................................... 69

**ENDORSEMENT NO. 11** ........................................................................................... 70

**ENDORSEMENT NO. 12** ........................................................................................... 71

**ENDORSEMENT NO. 13** ........................................................................................... 72

**ENDORSEMENT NO. 14** ........................................................................................... 73

BBI_001123

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

BBI_001124

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

# DECLARATIONS

A. **INSURED**

This **Policy** insures:

Bloomin' Brands, Inc.; OSI Restaurant Partners, LLC; and PRP Holdings, LLC

and its affiliated, parent and subsidiary companies and/or corporations, including any limited liability companies in which any insured entity is a partner or member and any partnership or joint venture in which any of the preceding entities have a majority interest or management control or are responsible to insure, all as now exist or may hereafter be constituted or acquired, and any party in interest which any of the preceding entities are responsible to insure, hereinafter referred to as "the **Insured**", including its legal representatives.

With respect to partnerships and joint ventures in which any of the preceding entities do not have a majority interest or management control or are not responsible to insure, then only the **Insured's** interest in such partnerships or joint ventures shall be **insured** under this **Policy**.

B. **MAILING ADDRESS**

2202 N. West Shore Blvd.
5th Floor
Tampa, FL 33607

C. **PREMIUM**

US$52,800 for the **Company's** participation shown below.

D. **TERM OF INSURANCE**

In consideration of the premium stated herein, this **Policy** attaches and insures from December 31, 2019 to December 31, 2020, beginning and ending at 12:01 A.M., standard time, at the location of the property involved.

The actual effective time of attachment of this insurance on the above date shall be the same time as the actual effective time of cancellation or expiration of policy (ies) replaced or renewed by this **Policy**.

BBI_001125

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

### E.    PARTICIPATION

The **Company** agrees that its participation in this **Program** is as follows:

| Company Issuing Paper: Chubb Bermuda Insurance Ltd. | | | | | |
|---|---|---|---|---|---|
| Policy Number: BLOOMIN 01547P02 | | | | | |
| Row | Layer | Company Participation Percentage | Company Limit | Gross Layer Premium | Company Gross Premium |
| 1 | US$50,000,000 Excess of US$50,000,000 Excess of Deductible(s) | 80% | US$40,000,000 | US$66,000 | US$52,800 |

The **Company** shall not be liable for more than its proportionate share of each layer shown in the Participation Clause, for any one **Occurrence** (the **Company**'s participation) except the **Company**'s liability shall not exceed its proportionate share of any of the specific sublimits of liability for any one **Occurrence** designated in Clauses F.(2), and F.(3). These sublimits are part of and not in addition to the limit(s) of liability stated below.

### F.    LIMITS OF LIABILITY

(1)    The **Program** limit of liability is US$100,000,000.

(2)    Sublimits below are applicable to all direct physical loss, damage or destruction insured against, except a **Boiler and Machinery Accident.**

(a)    With respect to all losses caused by the peril of **Flood**, the **Company** shall not be liable, in the aggregate for any one **Policy** year, for more than its proportionate share of US$75,000,000 but not to exceed:

US$25,000,000 in the aggregate for any one **Policy** year
for the peril of **Flood** occurring in **Special Flood Hazard Areas** as identified in Addendum D.

Even if the peril of **Flood** is the predominant cause of direct physical loss, damage or destruction, any ensuing physical loss, damage or destruction arising from a peril not otherwise excluded herein shall not be subject to the sublimit or aggregate specified in this paragraph (a).

(b)    With respect to all losses caused by the peril of **Earthquake**, the **Company** shall not be liable, in the aggregate for any one **Policy** year, for more than its proportionate share of US$75,000,000 but not to exceed:

US$25,000,000 for losses occurring in the State of California;

BBI_001126

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

Even if the peril of **Earthquake** is the predominant cause of direct physical loss, damage or destruction arising from fire, explosion, theft, vandalism, sprinkler leakage or Flood shall not be subject to the sublimit or aggregate specified in this paragraph (b).

(c)    With respect to the peril of **Named Windstorm** occurring in the Counties as identified in Addendum C, the **Company** shall not be liable for more than its proportionate share of US$100,000,000;

Even if the peril of **Named Windstorm** is the predominant cause of direct physical loss, damage or destruction, any ensuing physical loss, damage or destruction arising from a peril not defined as **Named Windstorm**, and not otherwise excluded herein, shall not be subject to the sublimit specified in this paragraph (c).

(d)    US$10,000,000 with respect to property in transit;

(e)    US$100,000,000 with respect to property while in the course of construction, erection, installation, and assembly including materials and supplies associated therewith and including Delay in Completion of the Project coverage, all at locations that are not scheduled on this **Policy** or listed on a schedule on file with the **Company**;

(f)    US$25,000,000 with respect to Contingent Business Interruption and Contingent Extra Expense

(g)    US$50,000,000 with respect to Demolition and Increased Cost of Construction

(h)    US$50,000,000 with respect to Service Interruption

(i)    US$5,000,000 with respect to Accounts Receivable

(j)    US$50,000,000 with respect to Debris Removal (or 25% of the loss, whichever is greater)

(k)    US$5,000,000 with respect to Electronic Data Processing Media

(l)    US$5,000,000 with respect to Valuable Papers

(m)    US$10,000,000 with respect to Leader Property

(n)    US$10,000,000 with respect to Infectious or Contagious Disease

(o)    US$100,000,000 with respect to Boiler and Machinery

(p)    US $10,000,000 with respect to Expediting Expense Boiler and Machinery

(q)    US $5,000,000 with respect to Data or Media Boiler and Machinery

(r)    US$10,000,000 with respect to Service Interruption Boiler and Machinery

(s)    US$25,000,000 with respect to Contingent Business Interruption Boiler and Machinery

BBI_001127

(t)   US$5,000,000 with respect to Consequential Loss Boiler and Machinery

(u)   US$5,000,000 with respect to Ammonia Contamination Boiler and Machinery

(v)   US$5,000,000 with respect to Hazardous Substances Boiler and Machinery

(w)   US$30,000,000 with respect to Spoilage Boiler and Machinery

With respect to the sublimits described in (2) (a), (2) (b), and (2) (c) above, such sublimit(s) shall be the maximum amount collectible in any one **Occurrence**, irrespective of any other coverages and sublimits that may be applicable.

(3)   Sublimits and time limits below are applicable to all direct physical loss, damage or destruction, including **Boiler and Machinery Accident**. The Company shall be liable for its proportionate share of these limits.

(a)   US$100,000,000 with respect to Newly Acquired Locations for all coverages insured against for up to 180 days, after which the **Miscellaneous Unnamed Locations** sublimit applies if the location is not reported;

(b)   US$25,000,000 with respect to **Miscellaneous Unnamed Locations** for all coverages insured against;

(c)   With respect to Ingress/Egress described under paragraph 2.G. (2) (b) for up to 60 days Period of Recovery, subject to a 10 mile distance limitation.

(d)   With respect to Interruption by Civil or Military Authority described under paragraph 2.G. (2) (a.) for up to 60 days Period of Recovery, subject to a 10 mile distance limitation.

(e) Extended Period of Indemnity: Period of Recovery 365 days.

With respect to the sublimits described in (3) (a) and (3) (b) above, such sublimit(s) shall be the maximum amount collectible in any one **Occurrence**, unless a lower sublimit for any coverage or peril is otherwise specified within this policy.

## G.   DEExedUCTIBLE(S)

All losses, damages or expenses arising out of any one Occurrence shall be adjusted as one loss, and from the amount of such total adjusted loss US$1,000,000 shall be deducted, except:

(1) US $1,500,000 per **Occurrence** for loss caused by the peril of **Flood**.

The above deductibles shall not apply to ensuing physical loss, damage or destruction arising from a peril not otherwise excluded herein.

(2) US $1,500,000 per **Occurrence** for loss caused by the peril of **Earthquake**

except:

5% of the value of the Unit of Insurance at the time when such loss occurs at locations in the State of California for the peril of **Earthquake** subject to a minimum of US$1,500,000 for all Units of Insurance per **Occurrence.**

The above deductibles shall not apply to ensuing physical loss, damage or destruction arising from a peril not otherwise excluded herein.

(3)    US $1,500,000 per **Occurrence** for loss caused by the peril of **Named Windstorm**

except:

5% of the value of the Unit of Insurance at the time when such loss occurs at locations in Tri-County, FL (Miami-Dade, West Palm Beach, Broward) for the peril of **Named Windstorm** subject to a minimum of US$1,500,000 for all Units of Insurance per **Occurrence**.

3% of the value of the Unit of Insurance at the time when such loss occurs at locations within counties identified in Addendum C, except Tri-County, FL (Miami-Dade, West Palm Beach, Broward),for the peril of **Named Windstorm** subject to a minimum of US$1,500,000 for all Units of Insurance per **Occurrence**.

The above deductible(s) shall not apply to ensuing loss, damage or destruction arising from a peril not otherwise excluded herein and not described in the **Named Windstorm** definition under the Definitions Section of this **Policy**.

(4)    US$50,000 per occurrence with respect to property in the Course of Construction, erection, installation, and assembly including materials and supplies associated therewith and including Delay in Completion of the Project coverage, all at locations that are not scheduled on this **Policy** or listed on a schedule on file with the **Company**, regardless of the cause of loss

(5)    US$10,000 – Boiler & Machinery Physical Damage

10% of loss, subject to US$10,000 minimum and US$500,000 maximum– Boiler & Machinery Spoilage Damage

(6)    USD100,000 per conveyance for Transit

**Deductible Application**

In the event of loss involving **Local Policy (ies)** and/or Underlying Insurance, such as insurance through the National Flood Insurance Program (NFIP), and this **Policy**, the deductible applicable hereunder shall be reduced by the amount of loss payable under such **Local** and/or Underlying Insurance Policy (ies). Should the amount of loss payable and collectible under such **Local** and/or Underlying Insurance Policy (ies) exceed the applicable deductible under this **Policy**, then no

BBI_001129

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

deductible shall apply hereunder.  However, if the amount to be paid and collectible under such **Local** and/or Underlying Insurance Policy (ies) is less than the applicable deductible under this **Policy**, then the amount to be deducted hereunder shall not exceed the difference between the amount to be paid and collectible under the **Local Policy** and/or Underlying Insurance Policy (ies) and the applicable deductible under this **Policy**.  Only those losses insured under both the **Local Policy** and/or Underlying Insurance Policy (ies) as well as this **Policy** shall be recognized. Insurance maintained as the **Local Policy** shall be considered Underlying Insurance.

The following shall be considered a separate Unit of Insurance:

    (i)    Each separate building or structure;

    (ii)   The contents of each separate building or structure;

    (iii)  The inventory of each separate building or structure

    (iv)  Business Interruption as defined in Clauses 2.B. (2)  in the Policy  Provisions Section of this **Policy.**

If two or more deductible amounts in this **Policy** apply to a single **Occurrence**, the total to be deducted shall not exceed the largest deductible.

For any deductible expressed as a percentage of value per Unit of Insurance, the deductible to be applied to an **Occurrence** shall be the total of all individual percentage deductibles applied to the separate values of property suffering the direct physical loss, damage or destruction and for which a claim is being made under this **Policy**.

The term Actual Value shall mean the value of property insured calculated in accordance with the **Policy's** Valuation Clause 6. in the Policy Conditions as of the date of the **Occurrence**.

In any **Occurrence** where direct physical loss, damage or destruction is caused by more than one peril insured against under this **Policy**, the **Insured** shall have the right to separate the loss amount by peril for the purposes of application of the deductible(s) specified in this Section, notwithstanding the above reference to two or more deductibles and the **Policy** limits.

In the event that all or any portion of the deductible is payable by local, state or governmental funding organizations, such payment shall be considered Underlying Insurance as defined in Clause 11 of the Policy Conditions.


**H.**   **WAITING PERIOD(S)**

For the purposes of applying Service Interruption coverage, the Waiting Period is 24 hours.

Waiting Period means the time period indicated above where the **Company** shall have no liability for the **Time Element** loss when the Period of Recovery applicable to all **Time Element** loss or the Indemnity Period applicable to Business Interruption – Loss of Profits, is equal to or less than such indicated time period.

BBI_001130

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

If, however, the Period of Recovery or Indemnity Period exceeds such indicated time period then the **Company**'s liability for the **Time Element** loss shall otherwise apply and the Period of Recovery or Indemnity Period shall be measured from the inception of the **Occurrence** for which loss is being claimed. The applicable deductible shall then apply.

If more than one location is involved in an **Occurrence** for which the Waiting Period is applicable, only those location(s) where the Period of Recovery or Indemnity Period exceeds the time period so stated shall be considered in the loss payment.

I.    **TERRITORY**

This **Policy** covers loss occurring within the 50 states comprising the United States of America, the District of Columbia, Puerto Rico, the U.S. Virgin Islands and Canada. However, with respect to Contingent Business Interruption/Contingent Time Element, this **Policy** covers loss occurring anywhere in the world excluding those countries, individuals, or entities as to which coverage would be in violation of any U.S. economic or trade sanctions such as, but not limited to, those sanctions administered and enforced by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"), unless the **Insured** has been granted a U.S. Treasury Department Office of Foreign Assets Control License or other expressed or constructive authorization by the U.S. Government to do business with that country, individual or entity, and then coverage is provided only to the extent legally permitted as a result of the issuance of the license or other expressed or constructive authorization, subject to all of the terms, conditions and limitations found in this **Policy**.

J.    **ASSIGNED ADJUSTER**

It is agreed that at the **Insured's** option, the **Company** will use Sedgwick for the adjustment of all claims made against this **Policy**. This assignment may be changed by mutual consent of the **Insured** and the **Company**.

BBI_001131

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

# POLICY PROVISIONS

1. **PERILS INSURED AGAINST**

This **Policy** insures against all risk of direct physical loss, damage or destruction to property described herein occurring during the term of insurance, except as hereinafter excluded.

Wherever used in this **Policy**, the term "peril(s) insured against" refers to the conditions stated above and as modified under Perils Excluded, Clause 4. of Policy Provisions.

2. **COVERAGE**

Except as hereinafter excluded, this **Policy** insures:

A. **Real and Personal Property**

(1) The interest of the **Insured** in all real and personal property including but not limited to property owned, used, leased or intended for use by the **Insured**, or hereafter constructed, erected, installed, or acquired, including while in the course of construction, erection, installation, and assembly. In the event of direct physical loss, damage or destruction, the **Company** agrees to accept and consider the **Insured** as sole and unconditional owner of improvements and betterments, notwithstanding any contract or leases to the contrary.

(2) The interest of the **Insured** in real and personal property of others in the **Insured's** care, custody, or control.

(3) Personal property of others for which the **Insured** is responsible or has agreed to insure prior to direct physical loss, damage or destruction.

(4) At the option of the **Insured**, personal property of the **Insured's** officials, employees and representatives while on the premises of the **Insured**. This insurance shall then act as primary insurance.

(5) Contractors' and vendors' interest in property insured to the extent of the **Insured's** liability imposed by law or assumed by contract entered into prior to direct physical loss, damage or destruction provided that such liability shall not exceed the indemnity otherwise provided by this **Policy.**

Wherever used in this **Policy**, the term "property insured" refers to the conditions stated above and as modified under Property Excluded, Clause 5. of the Policy Provisions.

BBI_001132

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

**B.    Business Interruption**

(1)    Loss resulting from necessary interruption of business conducted by the **Insured**, whether total or partial, and caused by direct physical loss, damage, or destruction insured herein during the term of this **Policy** to real and personal property as described in Clause 2.A. of the Policy Provisions.

(2)    If such loss occurs during the term of this **Policy**, it shall be adjusted on the basis of Actual Loss Sustained by the **Insured**, consisting of the Net Profit which is thereby prevented from being earned and of all charges and expenses only to the extent that these must necessarily continue during the interruption of business, including **Ordinary Payroll**, and only to the extent such charges and expenses would have been incurred had no loss occurred.

(3)    In the event of direct physical loss, damage or destruction insured herein to property as described in Clause 2.A. which results in an interruption of research and development activities which in themselves would not have produced income during the Period of Recovery, this **Policy** shall insure the Actual Loss Sustained of the continuing charges and expenses, including **Ordinary Payroll**, directly attributable to such research and development activities.

(5)    Resumption of Operation:  If the **Insured**, by reasonable means within its control, can reduce the loss resulting from the interruption of business:

(a)    by a complete or partial resumption of operation of the property insured, whether damaged or not; or

(b)    by making use of available stock, **Merchandise,** or other property;

such reduction shall be taken into account in arriving at the amount of loss hereunder.

(6)    Experience of the Business:

In determining the amount of Net Profit, charges and expenses insured hereunder for the purpose of ascertaining the Actual Loss Sustained, due consideration shall be given to the experience of the business before the date of direct physical loss, damage or destruction and to the probable experience thereafter had no loss occurred to real or personal property as described in Clause 2.A.

BBI_001133

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

**C.**     <u>**Extra Expense**</u>

(1)    Extra Expense incurred resulting from direct physical loss, damage or destruction insured herein during the term of this **Policy** to real or personal property as described in Clause 2.A.

(2)    Extra Expense means the excess of the total cost chargeable to the operation of the **Insured's** business over and above the total cost that would normally have been incurred to conduct the business had no direct physical loss, damage or destruction occurred.

**D.**     <u>**Rental Value**</u>

(1)    Rental Value loss sustained by the Insured resulting from direct physical loss, damage or destruction insured herein during the term of this **Policy** to real and personal property as described in Clause 2.A. but not exceeding the reduction in Rental Value less charges and expenses which do not necessarily continue.

(2)    Rental Value is defined as the sum of:

     (a)    the total anticipated gross rental income from tenant occupancy of the insured property as furnished and equipped by the **Insured;** and

     (b)    the amount of all charges which are the legal obligation of the tenant(s) and which would otherwise be obligations of the **Insured**; and

     (c)    the fair Rental Value of any portion of said property which is occupied by the **Insured**.

(3)    Experience of the Business:

In determining the amount of Rental Value insured hereunder for the purposes of ascertaining the Actual Loss Sustained, due consideration shall be given to the rental experience before the date of direct physical loss, damage or destruction and to the probable experience thereafter had no loss occurred to real and personal property as described in Clause 2.A.

(4)    When the **Insured** is the lessee, this **Policy** insures the Actual Loss Sustained of the rent which the **Insured** is obligated to pay including ground rents, accrued charges, real estate taxes and interest if the **Insured** is liable for such, less charges and expenses that do not necessarily continue during the Period of Recovery.

**E.**     <u>**Royalties**</u>

(1)    Loss of income to the **Insured** under royalty, licensing fees, or commission agreements between the **Insured** and another party which is not realizable due to direct physical loss, damage or destruction insured herein during the term of this **Policy** to property of the other party of the type insured under this **Policy**.

**BBI_001134**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

(2)    If such loss occurs during the term of this **Policy**, it shall be adjusted on the basis of Actual Loss Sustained of such income referred to in paragraph (1) above, which would have been earned had no loss occurred.

(3)    Resumption of Operations:
The **Insured** shall influence, to the extent reasonably possible, the party with whom the agreement described in paragraph (1) above has been made to use any other machinery, supplies or locations in order to resume business so as to reduce the amount of loss hereunder, and the **Insured** shall cooperate with that party in every reasonable way to affect this, but not financially, unless such expenditures are authorized by the **Company**.

(4)    Experience of the Business:
In determining the amount of income derived from the agreement(s) described in paragraph (1) above for the purpose of ascertaining the Actual Loss Sustained, due consideration shall be given to the amount of income derived from such agreement(s) before the date of direct physical loss, damage or destruction and to the probable amount of income thereafter had no loss occurred to real and personal property of the type insured under this **Policy** of such other party.

**F.    Delay in Completion of the Project**

(1)    **Time Element** loss sustained by the **Insured** to the extent not insured elsewhere under the **Policy** and caused by direct physical loss, damage or destruction insured herein occurring during the term of this **Policy** to property while in the course of construction, erection, installation or assembly as described under Clause 2.A. which results in a Delay in Completion of the Project.

(2)    Delay in Completion of the Project means the period of time between the Anticipated Date of Completion per the construction agreement and the date on which property while in the course of construction, erection, installation, and assembly is actually completed and accepted with the exercise of due diligence and dispatch.  If such loss occurs during this period of time, it shall be adjusted on the basis of the Actual Loss Sustained by the **Insured** and consisting of the **Time Element** loss provided for under this Policy. The Anticipated Date of Completion shall be modified to the extent there are delays not caused by insured physical, loss, damage or destruction.

In determining the amount of business interruption and/or rental value loss payable hereunder during the period of time described above, such loss shall be applied to the experience of the business after the business has reached its planned level of production or level of business operations.

(3) Anticipated Date of Completion means the date at the time of the direct physical loss, damage or destruction on which property while in the course of construction, erection, installation, and assembly was scheduled to have been completed and accepted per the construction agreement had no insured physical, loss, damage or destruction occurred.

BBI_001135

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

**G.  Time Element Extensions**

(1)  This **Policy** insures against **Time Element** losses resulting from:

    (a)  Service Interruption
Direct physical loss, damage or destruction as insured herein to electrical, steam, gas, water, sewer, telephone, or any other utility or service, transmission lines and related plants, substations and equipment of suppliers of such services, not being an **Insured** under this policy, situated on or outside the premises.

    (b)  Contingent Business Interruption and Contingent Extra Expense
Direct physical loss, damage or destruction as insured herein to property of the type insured that wholly or partially prevents any direct or indirect supplier of any tier of goods and/or services to the **Insured** from rendering their goods and/or services, other than the services described in subparagraph (a) above, or property of the type insured that wholly or partially prevents any direct or indirect receiver of any tier of goods and/or services from the **Insured** from accepting the **Insured's** goods and/or services, such supplier or receiver to be located anywhere in the world where permitted by law.

    (c)  Impounded Water
Direct physical loss, damage or destruction as insured herein to dams, reservoirs, or equipment connected thereto when water, used as a raw material or used for power or for other purposes, stored behind such dams or reservoirs is released from storage and causes an interruption of business as a result of lack of water supply from such sources.

    (d)  Leader Property
Direct physical loss, damage or destruction as insured herein to property not owned or operated by the **Insured**, located within 5 miles of the **Insured**, which attracts business to the **Insured**.

(2)  This **Policy** insures against **Time Element** losses resulting from:

    (a)  Interruption by Civil or Military Authority:
An interruption of business, whether total or partial, during the period of time when, in connection with or following a peril insured against, access to real or personal property is impaired by order or action of civil or military authority, subject to a 10 mile distance limitation.

    (b)  Ingress/Egress:
An interruption of business, whether total or partial, during the period of time when, in connection with or following a peril insured against, ingress to or egress from real or personal property is impaired, subject to a 10 mile distance limitation.

BBI_001136

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

The **Time Element** loss shall be based upon the Period of Recovery described under paragraph 2.H.(1) of the Policy Provisions

(3)  Damages and Penalties:
This **Policy** insures damages and penalties as may be imposed on the **Insured** for breach of contract either in respect of goods or services not delivered or in respect of the **Insured's** failure to take delivery of goods or services ordered, all as a result of direct physical loss, damage, or destruction not otherwise excluded herein to real or personal property described under this **Policy**.

(4)  Time to Replace Finished Stock or Stock in Process:
Notwithstanding paragraph 2.B.(4) of the Policy Provisions, this **Policy** insures the Extra Expense incurred by the **Insured** during the time required to replace damaged or destroyed **Finished Stock** or **Stock in Process** to the inventory level which existed prior to the loss .

(5)  Downzoning:
In the event of direct physical loss, damage or destruction insured under this **Policy** that causes the enforcement of any law, ordinance, governmental directive or standard regulating the construction, repair, use, or occupancy of property, this **Policy** insures the additional Business Interruption and/or Rental Value loss resulting from the inability to rebuild existing property to like kind and quality, height, area, and/or occupancy. Such loss shall be measured for the length of time as would have been required with the exercise of due diligence and dispatch to rebuild or replace such existing property and where such loss is not otherwise recoverable elsewhere under the **Policy**.

**H.**  **Provisions Applicable to Business Interruption, Extra Expense, Rental Value, Royalties Coverages, Delay in Completion of the Project and Time Element Extension**

(1)  Period of Recovery (not applicable to Delay in Completion of the Project): The length of time for which loss may be claimed:

(a)  shall commence with the date of such direct physical loss, damage or destruction and shall not be limited by the date of expiration or cancellation of this **Policy**;

(b)  shall not exceed the length of time required to rebuild, repair or replace the property that has been lost, damaged or destroyed with the exercise of due diligence and dispatch; and

(c)  shall include an Extended Period of Indemnity, not to exceed the time period indicated within the Limits of Liability, which is the additional length of time to restore the **Insured's** business to the condition that would have existed had no loss occurred, commencing with the later of the following dates:

(i)  the date on which the liability of the **Company** for loss or damage would otherwise terminate; or

BBI_001137

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

(ii)    the date on which repair, replacement, or rebuilding of the property that has been damaged is actually completed;

The Extended Period of Indemnity shall include the Time Element extensions described in paragraphs 2.G.(1) through 2.G.(3).

(2)    Special Exclusions:
This Section of the **Policy** does not insure against any increase of loss which may be occasioned by the suspension, lapse, or cancellation of any lease, license, or contract except as provided under paragraph 2.G.(4), Damages and Penalties of the Policy Provisions, or order, nor for any increase of loss due to interference at the **Insured's** premises by strikers or other persons with rebuilding, repairing, or replacing the property lost, damaged or destroyed, or with the resumption or continuation of business, or with the re-occupancy of the premises.

(3)    Expense to Reduce Loss:
This **Policy** insures such expenses incurred for the purpose of reducing any loss under this **Policy**, but such expenses may not exceed the amount by which the loss under this **Policy** is thereby reduced.

(4)    Interdependency: This **Policy** is extended to cover the **Time Element** loss sustained by the **Insured** anywhere in the world where permitted by law caused by direct physical loss, damage, or destruction not otherwise excluded herein to real and personal property of the **Insured** as described in Policy Provisions, Clause 2.A. and situated within the Policy's Territory**.**

I.    <u>Transit</u>

(1)    Property in transit within and between the territorial limits of this **Policy**, including the coastal waters thereof, by any means of conveyance, from the time the property is moved for purpose of loading and continuously thereafter while awaiting and during loading and unloading and in temporary storage, including temporary storage on any conveyance intended for use for any outbound or used for inbound shipment, including during deviation and delay, until safely delivered and accepted into place of final destination.

(2)    This transit coverage insures direct physical loss, damage or destruction to insured property:

(a)    sold and shipped by the **Insured** under terms of Free on Board (F.O.B.) point of origin or other terms usually regarded as terminating the shipper's responsibility short of points of delivery;

(b)    arising out of any unauthorized person(s) representing themselves to be the proper party(ies) to receive goods for shipment or to accept goods for delivery;

(c)    occasioned by the acceptance by the **Insured**, by its agents, or by its customers of fraudulent bills of lading, shipping and delivery orders, or similar documents;

BBI_001138

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

   (d)    at the **Insured's** option, which is incoming to the **Insured.**

  (3)  (a)    The **Insured** may waive right(s) of recovery against private, contract, and common carriers and accept bills of lading or receipts from carriers, bailees, warehousemen, or processors limiting their liability, but this transit insurance shall not inure to the benefit of any carrier, bailee, warehouseman, or processor.

       (b)    With respect to shipments made under subparagraphs (2)(a) and (2)(d) above, the **Company** agrees to waive its rights of subrogation against consignees at the option of the **Insured**.

  (4)  The **Insured** is not to be prejudiced by any agreements exempting lightermen from liability.

  (5)  Seaworthiness of any vessel or watercraft and airworthiness of any aircraft are admitted between the **Company** and the **Insured.**

  (6)  Resulting **Time Element** loss as insured against under this **Policy** caused by insured direct physical loss, damage or destruction to property in transit as described above shall also be insured.

  (7)  Coverage as described under this paragraph also includes general average and salvage charges on property in transit as covered hereunder.

**J.**   **Accounts Receivable**

  (1)  All sums due the **Insured** from customers, provided the **Insured** is unable to effect collection thereof as the result of direct physical loss, damage or destruction as insured herein to records of accounts receivable;

  (2)  Interest charges on any loan to offset impaired collections pending repayment of such sums made uncollectible by such direct physical loss, damage or destruction;

  (3)  Collection expense in excess of normal collection cost and made necessary by such direct physical loss, damage or destruction;

  (4)  Other reasonable and necessary expenses incurred by the **Insured** in reestablishing records of accounts receivable following such direct physical loss, damage or destruction.

For the purpose of this insurance, credit card company charge **Media** shall be deemed to represent sums due the **Insured** from customers, until such charge **Media** is delivered to the credit card company.

When there is proof that a loss of records of accounts receivable has occurred but the **Insured** cannot more accurately establish the total amount of accounts receivable outstanding as of the date of such loss, such amount shall be computed as follows:

BBI_001139

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

(1)    The monthly average of accounts receivable during the last available twelve months shall be adjusted in accordance with the percentage increase or decrease in the twelve months average of monthly gross revenues which may have occurred in the interim.

(2)    The monthly amount of accounts receivable thus established shall be further adjusted in accordance with any demonstrable variance from the average for the particular month in which the loss occurred, due consideration being given to the normal fluctuations in the amount of accounts receivable within the fiscal month involved.

(3)    There shall be deducted from the total amount of accounts receivable, however established, the amount of such accounts evidenced by records not lost or damaged, or otherwise established or collected by the **Insured**, and an amount to allow for probable bad debts which would normally have been uncollectible by the **Insured**.

This **Policy** does not insure against shortage resulting from bookkeeping errors or omissions; or alteration, falsification or manipulation of records of accounts receivable committed to conceal wrongful giving, taking, obtaining or withholding of money, **Securities** or other property, but only to the extent of such wrongful giving, taking, obtaining or withholding.

**K.    Leasehold Interest**

(1)    Pro rata proportion from the date of loss to expiration date of the lease, to be paid without discount, on the **Insured's** interest in:

    (a)    the amount of bonus paid by the **Insured** for the acquisition of the lease not recoverable under the terms of the lease;

    (b)    improvements and betterments to real property which are not insured under any other clause of this **Policy**;

    (c)    the amount of advance rental paid by the **Insured** and not recoverable under the terms of the lease;

when property of the type insured is rendered wholly or partially untenantable by any insured loss during the term of this **Policy** and the lease is cancelled by the party not the Insured under this **Policy** in accordance with the conditions of the lease or by statutory requirements of the appropriate jurisdiction in which the lost, damaged or destroyed property is located; and

(2)    (a)    The Interest of the **Insured** as Lessee or Lessor when property is rendered wholly or partially untenantable by any insured loss during the term of this **Policy** and the lease is cancelled by the party not the **Insured** under this **Policy** in accordance with the conditions of the lease or by statutory requirements of the appropriate jurisdiction in which the lost, damaged or destroyed property is located.

BBI_001140

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

(b)    "The Interest of the **Insured** as Lessee or Lessor" as referred to herein shall be paid for the first three months succeeding the date of the loss and the "Net Lease Interest" shall be paid for the remaining months of the unexpired lease.

(c)    Notwithstanding the conditions stipulated under subparagraph (2)(a) and (2)(b) above, in the event

    (i)    property is rendered wholly untenantable by any insured loss during the term of this **Policy**; and,

    (ii)    the lease cannot be cancelled due to conditions contained therein; or the lessor is unable to cancel the lease without the consent from a third party; or the lessor's failure to cancel the lease is unreasonable under the circumstances; and,

    (iii)    the **Insured** is unable to reoccupy or conduct business of the type which existed prior to the direct physical loss, damage or destruction within said untenantable property within a period of time to rebuild as prescribed by the lease following such direct physical loss, damage or destruction,

then the **Insured**, nevertheless, shall have the benefit of this paragraph (2) as if said lease had been cancelled.

(3)    Definitions:

The following terms, wherever used, shall mean:

(a)    The Interest of the **Insured** as Lessee is defined as:

    (i)    the excess of the Rental Value of similar premises over the actual rent payable by the lessee (including any maintenance or operating charges paid by the lessee) during the unexpired term of the lease; and/or

    (ii)    the rental income earned by the **Insured** from sublease agreements, to the extent not insured under any other clause of this **Policy**, over and above the rental expenses specified in the lease between the **Insured** and the lessor.

(b)    The Interest of the **Insured** as Lessor is defined as the difference between the rent payable to the lessor under the terms of the lease in effect at the time of loss and the actual rent collectible by the lessor during the unexpired term of the lease provided the lease is canceled by the lessee, to the extent not insured under any other clause of this **Policy**.

(c)    Net Lease Interest is defined as that sum, which placed at 3% interest compounded annually will be equivalent to "The Interest of the **Insured** as Lessee or Lessor".

BBI_001141

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

(4)    In the event of direct physical loss, damage or destruction to property of the type insured which is leased by the **Insured,** this **Policy** insures, to the extent not otherwise insured under any other clause of this **Policy**, the actual rent payable for the unexpired term of the lease if the lease agreement requires continuation of rent and if such property is wholly untenantable or unusable; or if such property is partially untenantable or unusable, the proportion of the rent payable for the unexpired term of the lease.

(5)    The **Insured** shall use due diligence including all things reasonably practicable to diminish loss under this clause. The **Company** shall not be liable for any increase of loss which may be occasioned by the suspension, lapse or cancellation of any license or by the **Insured** exercising any option to cancel the lease.

**3.    COVERAGE EXTENSIONS**

**A.    Brands or Trademarks**

In case of direct physical loss, damage or destruction as insured herein to property bearing a brand or trademark or which in any way carries or implies the guarantee or the responsibility of the manufacturer or the **Insured**, the salvage value of such damaged property shall be determined after removal at the **Company**'s expense in the customary manner of all such brands or trademarks or other identifying characteristics.

**B.    Consequential Loss**

This **Policy** insures against consequential loss to the property insured caused by but not limited to change of temperature or humidity or by interruption of power, heat, air conditioning, or refrigeration directly resulting from direct physical loss, damage or destruction not otherwise excluded.

**C.    Consequential Reduction in Value**

This **Policy** insures the reduction in value to the remaining part or parts of any lot of goods usually sold by lots or sizes, color ranges, or other classifications due to direct physical loss, damage or destruction of a part of such lots or other classifications.

**D.    Control of Damaged Goods**

The **Insured**, exercising reasonable discretion, shall be the sole judge as to whether the goods involved in any loss under this **Policy** are lost, damaged or destroyed, or are fit for normal intended use, sale or consumption.  No goods so deemed by the **Insured** to be lost, damaged or destroyed or unfit for use, sale or consumption shall be sold or otherwise disposed of except by the **Insured** or with the **Insured's** consent, but the **Insured** shall allow the **Company** any salvage obtained by the **Insured** on any sale or other disposition of such goods.  The **Insured** shall have full right to the possession of and retain control of all goods involved in any loss under this **Policy**.  It is further agreed that an order of a governmental authority to destroy damaged goods shall convey to the **Insured** its right to full possession and control thereof.

**E.    Debris Removal and Cost of Clean-up**

**BBI_001142**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

(1) In the event of direct physical loss, damage or destruction to property, this **Policy** insures:

    (a) expense reasonably incurred in removal of debris of the property insured hereunder lost, damaged or destroyed from the location of the loss; and/or

    (b) cost of clean-up including the cost of removal of debris of property not insured hereunder lost, damaged or destroyed from the location of the loss.

This clause does not insure against the costs of decontamination or removal of water, soil or any other substance not insured by this **Policy** on or under such premises.

(2) The **Insured** shall give notice to the **Company** of intent to claim for cost of removal of debris or cost of clean-up no later than 12 months after the date of such direct physical loss, damage, or destruction.

## F. Decontamination Costs of Insured Property

If insured property is contaminated as a result of direct physical loss, damage or destruction insured by this **Policy** and there is in force at the time of loss any law or ordinance regulating contamination, including but not limited to the presence of pollution or hazardous material(s), then this **Policy** insures, as a direct result of enforcement of or compliance with such law or ordinance, the increased cost of decontamination and/or removal of such contaminated insured property in a manner to satisfy such law or ordinance. This additional coverage applies only to that part of the insured property so contaminated as a result of direct physical loss, damage or destruction not otherwise excluded under this **Policy**.

With respect to **Time Element** loss insured herein, this **Policy** insures the additional period of time necessary for the decontamination and/or removal of contaminated insured property in a manner to satisfy any law or ordinance regulating contamination, including but not limited to the presence of pollution or hazardous material. As used hereunder, the "additional period of time" means the additional time with the exercise of due diligence and dispatch to decontaminate and remove said insured property as described under this clause beyond the time period which the **Company** would have been liable for had no such contamination loss occurred.

The **Company** is not liable under this extension for the costs required for removing contaminated uninsured property nor the contaminant therein or thereon, whether or not the contamination results from an insured cause of loss.

## G. Defense Costs

This **Policy**, subject to all of its provisions, insures the costs and fees to defend any claim or suit against the **Insured** and/or its directors, officers and/or employees alleging direct physical loss, damage or destruction as insured against to property of others to the extent of the **Insured's** liability therefor, even if such claim or suit is groundless, false or fraudulent; but the **Company** may without prejudice make such investigation, negotiation or settlement of

BBI_001143

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

any such claim or suit as it deems expedient. Coverage hereunder shall apply solely in respect of costs and fees incurred in connection with the defense of any suit(s) or part of any suit(s) for which claim is made for the value of property and shall in no circumstances extend to insure costs and fees incurred in connection with additional liabilities.

**H.    Demolition and Increased Cost of Construction**

In the event of direct physical loss, damage or destruction insured under this **Policy** that causes the enforcement of any law, ordinance, governmental directive or standard in force at the time of physical loss or damage regulating the construction, repair, use, or occupancy of property, this **Policy** insures:

(1)    the reasonable and necessary cost of demolishing the undamaged property including the cost of clearing the site;

(2)    the proportion that the value of the undamaged part of the property bore to the value of the entire property prior to loss;

(3)    the reasonable and necessary increased cost of repair or reconstruction of the damaged and undamaged property on the same or another site, limited to the cost that would have been incurred in order to comply with the minimum requirements of such law or ordinance regulating the repair or reconstruction of the damaged property on the same site.

However, the **Company** shall not be liable for any increased cost of construction loss unless the damaged property is actually rebuilt or replaced;

(4)    any increase in the **Time Element** loss arising out of the additional time required to comply with said law or ordinance.

If the coverage under this clause is subject to a sublimit, such sublimit shall only apply with respect to paragraphs (1), (3) and (4) above. Such sublimit shall not apply with respect to paragraph (2) above where the coverage described therein shall be included within the **Policy** limit.

For purposes of coverage provided under this clause, there shall be no duplication of coverage with the coverage provided under Clause F, Decontamination Costs of **Insured** Property.

**I.    Expediting Expense**

This **Policy** insures the reasonable extra cost of temporary repair and/or replacement and of expediting the repair and/or replacement of damaged property insured hereunder, including, but not limited to, overtime and express freight or other rapid means of transportation.

**J.    Fire Department Charges and Extinguishing Expenses**

This **Policy** insures the following expenses resulting from an insured loss:

(1)    fire department charges and any extinguishing expenses which the **Insured** incurs;

BBI_001144

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

(2)    loss and disposal of fire extinguishing materials expended;

(3)    charges due under mutual aid agreements.

**However, there will be no coverage for any costs incurred as a result of a false alarm.**

**K.    Land and Water Contaminant or Pollutant Clean-up, Removal and Disposal**

This **Policy** insures the reasonable and necessary costs for the clean-up, removal, and disposal of Contaminants or **Pollutants** from land and water at an insured location if the release, discharge or dispersal of Contaminants or **Pollutants** is a result of direct physical loss, damage or destruction to property not otherwise excluded under this **Policy** occurring during the period of insurance.

Such costs described above shall include:

(1)    cost of examination by outside experts with expertise in the field of pollution and contamination.

(2)    cost to detect the cause which led to said release, discharge or dispersal provided such cause of loss is otherwise insured against; however, the **Company**'s liability to repair or correct such cause shall be subject to the other **Policy** terms and conditions not otherwise stipulated in this coverage extension.

(3)    cost to clean-up, remove and dispose said uninsured property in a manner to satisfy any law or ordinance in force at the time of loss regulating contamination, including but not limited to the presence of pollution or hazardous material(s).  This additional cost only applies to that part of the uninsured property at an insured location so contaminated or polluted as a result of insured direct physical loss, damage or destruction.  Such cost shall also include the cost to test, monitor or assess for the presence of **Pollutants** or Contaminants within said uninsured property following clean-up, removal and disposal thereinafter if required by law or ordinance for a period of 12 months starting with the date of direct physical loss, damage or destruction to insured property.

With respect to **Time Element** loss insured herein, this **Policy** insures the additional period of time necessary for the clean-up, removal and disposal of contaminated or polluted uninsured property.  As used hereunder, the "additional period of time" means the additional time necessary with the exercise of due diligence and dispatch to clean-up, remove or dispose said uninsured property as described under this clause beyond the time period which the **Company** would have been liable for had no such contamination or pollution loss occurred.

**L.    Loss Adjustment Expenses**

This **Policy** insures the expenses incurred by the **Insured**, their employees, and the **Insured's** representatives for preparing and certifying details of a claim resulting from a loss which would be payable under this **Policy**.  However, the **Company** shall not be liable under this clause for expenses incurred by the **Insured** in utilizing the services of a public adjuster or

**BBI_001145**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

insurance broker claim representatives except this exception shall not apply to broker's dedicated forensic accounting units, or claims management, construction or engineering personnel.

**M.    Sequential Loss**

In the event of direct physical loss, damage or destruction not otherwise excluded to property of the type insured, and such loss, damage or destruction without the intervention of any other independent excluded cause, results in a sequence of events which causes direct physical loss, damage or destruction to insured property, then this **Policy** insures the resulting loss.

**N.    Tax Treatment of Profits**

In the event of a loss insured hereunder, this **Policy** insures the additional loss sustained by the **Insured** in the event the tax treatment of:

(1)    the profit portion of a loss recovery involving **Stock in Process**, **Finished Stock** or **Merchandise**; and/or

(2)    the profit portion of Business Interruption loss proceeds

differs from the tax treatment of profits that would have been incurred had no loss occurred.

**O.    Contingent Interest**

Coverage under this Policy shall apply to any real property in which the Insured has a financial interest or is contractually obligated to purchase.  Notwithstanding the Other Insurance clause in this policy, this coverage extension shall apply when Property Damage Insurance, or Property Damage and Rents Insurance provided by others on the property of the Insured (by agreement) is determined to be inadequate or not collectible for any reason. Automatic coverage is extended to Contingent Interest Property.

(1)    The Insured shall assist by requiring other coverage on the property.

(2)    The Insured shall use all reasonable and necessary means to collect the full amount of any claims that may be collectible from the Property Damage insurance coverage maintained by the Lessee.

(3)    This coverage extension shall not inure to the benefit of any party other than the Insured; and does not provide any rights or benefits to any other party.

(4)    The Company shall be subrogated to all of the Insured's rights of recovery against any party or organization to the extent not waived. The Insured shall execute and deliver required instruments and papers, or do whatever else is necessary, to secure such rights for the Company.

(5)    The Insured shall do nothing after physical loss or damage to insured property to prejudice the Company's rights of recovery against any party or organization.

BBI_001146

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

In case of a claim, the Company's liability for this coverage extension shall be limited to the actual recovery that would apply under this policy had there been no other insurance less the amount recovered from such other insurance. In each case of loss or damage covered by this coverage extension, the Company shall not be liable unless the Insured sustains physical loss or damage in a single occurrence greater than the Insured's Retentions as enumerated elsewhere in this policy.

**L.     INTEREST EXPENSE**

In the event, as a result of direct physical loss or damage as covered under this policy, the Insured must necessarily obtain a loan or other financing for the purpose of effective repairs, rebuilding, or replacement of the lost or damaged property prior to receiving final loss payment from the Company, this Policy will insure the interest expense so incurred by the Insured. Recovery hereunder shall be limited to the amount of interest incurred during the period of time commencing with the inception date of loss, or other financing arrangement, and ending with the date the Company has made full and final payment the Insured of the loss settlement. It is understood that, to the extent possible in accordance with the loan agreement, the Insured shall apply any advance or partial loss settlement payments made by the Company towards accelerated repayment of the loan for the purpose of reducing the interest payable under such loan.

**4.     PERILS EXCLUDED**

This **Policy** does not insure:

A.     against any fraudulent or dishonest act or acts committed by the **Insured** or any of the **Insured's** employees (including Temporary Employees);

B.     against the cost of correcting defective design or specifications, faulty material, or faulty workmanship; however, this exclusion shall not apply to direct physical loss, damage or destruction resulting from such defective design or specifications, faulty material, or faulty workmanship. This exclusion shall not apply to property in transit or ;

C.     against errors in processing, servicing or manufacture of the Insured's product unless direct physical loss, damage or destruction not otherwise excluded ensues and then this **Policy** shall insure for such ensuing physical loss, damage or destruction. This exclusion shall not apply to property while in transit, or while in the course of construction, erection, installation, and assembly;

D.     against ordinary wear and tear, inherent vice, latent defect or gradual deterioration, evaporation, rust, shrinkage or change in color, flavor, texture or finish  unless direct physical loss, damage or destruction not otherwise excluded ensues and then this **Policy** shall insure for such ensuing direct physical loss, damage or destruction;

E.     against normal settling or normal shrinkage of walls, floors, foundations, or ceilings unless direct physical loss, damage or destruction not otherwise excluded ensues and then this **Policy**

BBI_001147

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

shall insure for such ensuing physical loss or damage or destruction. This exclusion shall not apply to property in transit;

F.  against direct physical loss, damage or destruction including costs or expenses in connection with any kind or description of seepage and/or pollution and/or contamination, direct or indirect, arising from any cause whatsoever. Nevertheless, if a peril not excluded from this **Policy** arises directly from seepage and/or pollution and/or contamination any direct physical loss, damage or destruction insured under this **Policy** arising directly from that peril shall be insured.

However, if the insured property is the subject of direct physical loss, damage or destruction for which the **Company** has paid or agreed to pay, this **Policy** insures against direct physical loss, damage or destruction to the property insured hereunder caused by resulting seepage and/or pollution and/or contamination. Nothing in this exception shall override any radioactive contamination exclusion clause in the **Policy**.

In addition, this **Policy** does not insure against fines, penalties and expenses directly attributable to such fines and penalties incurred or sustained by or imposed on the **Insured** at the order of any government agency, court or other authority arising from any seepage and/or pollution and/or contamination.

Notwithstanding the above, this **Policy** does insure against direct physical loss, damage or destruction including costs or expenses in connection with any kind or description of seepage and/or contamination, direct or indirect, to property in transit arising from or within the vehicle or other mode of transportation.

No part of this exclusion shall limit Coverage Extension 3.F., Decontamination Costs of **Insured** Property and Coverage Extension 3.K, Land and Water Contaminant or Pollutant Clean-up, Removal and Disposal.

G.  against nuclear reaction, or nuclear radiation, or radioactive contamination, all whether controlled or uncontrolled, and whether such loss be direct or indirect, proximate or remote; except:

(1)  if fire or **Sprinkler Leakage** ensues, liability is specifically assumed for direct physical loss, damage or destruction by such ensuing fire or **Sprinkler Leakage** but not including any loss due to nuclear reaction, nuclear radiation, or radioactive contamination;

(2)  the **Company** shall be liable for direct physical loss, damage or destruction caused by sudden and accidental radioactive contamination including resultant radiation damage for each **Occurrence** from material used or stored or from processes conducted at the insured location provided at the time of direct physical loss, damage or destruction there is neither a nuclear reactor capable of sustaining a nuclear fission in a self-supporting chain reaction nor any new or used nuclear fuel at the insured location;

H.  (1)  against warlike action in time of peace or war, including action in hindering, combating, or defending against an actual, impending, or expected attack:

BBI_001148

    (a)    by any government or sovereign power (de jure or de facto) or by any authority maintaining or using military, naval, or air forces;

    (b)    or by military, naval, or air forces;

    (c)    or by an agent of any such government, power, authority, or forces;

(2)    against any weapon employing atomic fission or fusion;

(3)    against rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating, or defending against such **Occurrence**;

(4)    against seizure or destruction by order of public authority, except destruction by order of public authority to prevent the spread of, or to otherwise contain, control or minimize direct physical loss, damage or destruction not otherwise excluded under this **Policy**;

(5)    against risks of contraband or illegal trade.

I.    against loss due to animals, moths, vermin, termites and insects unless direct physical loss, damage or destruction not otherwise excluded ensues and then this Policy shall insure for all such ensuing physical loss, damage or destruction.

J.    against smog or changes in temperature or changes in relative humidity unless direct physical loss, damage or destruction not otherwise excluded ensues and then this Policy shall insure for all such ensuing physical loss, damage or destruction.

K.    against delay, loss of market, or loss of use.

L.    against mysterious disappearance or loss or shortage disclosed on taking inventory or any unexplained loss.

M.    against **Fungus**, **Mold**, wet or dry rot and any cost due to the presence of such including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy. However, notwithstanding any seepage, and/or pollution, and/or contamination exclusion, this **Policy** insures direct physical loss, damage or destruction to insured property resulting from **Fungus**, **Mold**, wet or dry rot which is a direct result of physical loss, damage or destruction insured against under this **Policy**. Such loss shall include the cost of testing performed after removal and remediation of such **Fungus**, **Mold**, wet or dry rot from insured property provided there is reason to believe that such **Fungus**, **Mold**, wet or dry rot is still present.

N.    against:
(1) any functioning or malfunctioning of the internet or similar facility, or of any intranet or private network or similar facility;

(2) any corruption, destruction, distortion, erasure or other loss, damage or destruction to Data, software, or any similar kind of programming or instruction set. Should Media containing Data insured by this Policy suffer direct physical loss, damage or

BBI_001149

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

destruction as insured herein, then this exclusion shall not apply and the basis for valuation shall be as stated in Policy Provisions, sub paragraph 6.B(4)., providing such Media containing the Data is repaired, replaced or restored;

(3) loss of use or functionality, whether partial or entire, of Data, coding, program, software, any computer or computer system or other device dependent upon any microchip or embedded logic, and any ensuing inability or failure of the Insured to conduct business, as a result thereof.

This exclusion shall not apply to any ensuing direct physical loss, damage or destruction, not otherwise excluded, and this Policy shall insure for all such ensuing direct physical loss, damage or destruction.

O.  against error or omission in electronic Data and Media including loss attributable to program design constraints, networking compatibility and original business applications. This exclusion shall not apply to ensuing direct physical loss, damage or destruction, not otherwise excluded, and then this Policy shall insure for all such ensuing direct physical loss, damage or destruction.

5.  **PROPERTY EXCLUDED**

This **Policy** does not insure loss or damage to:

A.  Land and land values; however, this exclusion shall not apply to the cost of reclaiming, restoring or repairing **Land Improvements**.

However, this exclusion shall not apply to the cost of restoring the land, including the costs of re-compaction of the land, in order to facilitate repair or replacement of insured property situated underground that has sustained direct damage or destruction as insured under this **Policy.**

B.  Water, except water which is normally contained within any type of tank, piping system or other process equipment;

C.  Money, **Securities**, and furs; precious metals, precious stones, and semi-precious stones. However, this exclusion shall not apply to precious metals, precious stones, and semi-precious stones used by the **Insured** for industrial or manufacturing purposes.

D.  Growing crops, standing timber, and animals except animals for research;

E.  Motor vehicles licensed for highway use when not at the **Insured's** location(s), but this exclusion shall not apply to contractor's equipment; watercraft; aircraft and satellites;

F.  Waterborne shipments via the Panama Canal, and to and from Puerto Rico, the Virgin Islands, Hawaii, and Alaska;

G.  Export shipments after loading on board an overseas vessel, watercraft, or aircraft, or after ocean marine insurance attaches, whichever occurs first; and import shipments prior to

BBI_001150

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

discharge from an overseas vessel, watercraft, or aircraft, or until ocean marine insurance terminates, whichever occurs last;

H.    Underground mines;

I.    Overhead transmission and distribution lines situated beyond 1,000 feet of insured property but this exclusion shall not affect the Service Interruption and Consequential Loss coverage provided under this Policy.

J.    Asbestos, including the removal of asbestos from any insured real and personal property, unless the asbestos is itself damaged by fire, lightning, aircraft impact, explosion, riot, civil commotion, smoke, vehicle impact, windstorm or hail, vandalism, malicious mischief, sprinkler leakage as defined by the Insurance Services Office (ISO) in the state of the Mailing Address of the **Insured.**

In addition, this **Policy** shall exclude the demolition or increased cost of construction, repair, debris removal or loss of use necessitated by the enforcement of any law, ordinance, or regulation regulating asbestos removal unless physically damaged per the first paragraph above.

Any increased loss associated with any governmental direction or request declaring that such asbestos present in or part of or utilized on any undamaged portion of the insured's property can no longer be used for the purpose for which it was intended and must be removed.

## 6.    <u>VALUATION</u>

In case of loss, the basis of adjustment shall be as follows:

A.    **Stock**

(1)    **Raw Stock** shall be valued at replacement cost at the time and place of loss.

(2)    **Stock in Process** shall be valued at the cost of raw materials and labor expended plus proper portion of overhead charges.

(3)    **Finished Stock** shall be valued at the **Insured's** selling price at the time of loss, less all discounts, rebates, and unincurred expenses to which such sales price would have been subject.

B.    **Real and Personal Property**

(1)    With respect to all property insured (unless specifically addressed elsewhere in the Policy), the payment for loss shall be on a 'replacement cost' basis. 'Replacement Cost' includes all fees, costs, charges and expenses, (including, those of architects, surveyors, lawyers, engineers and consulting engineers) incurred by or on behalf of the Insured to reassemble, rebuild, reclaim, reconstruct, repair, replace, or restore property insured with due diligence and dispatch with new property or materials, either at the site of the loss or, at the sole option of the Insured, another site. In the event the Insured decides to

BBI_001151

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

rebuild on another site, the liability of the Insurer shall not exceed the cost and expenses which would have been incurred to reassemble, rebuild, reclaim, reconstruct, repair, replace or restore the property lost, damaged or destroyed at the site of the loss.
To the extent the Insured provides its own general contracting, engineering, design or construction services for repair or reconstruction, the costs incurred by or on behalf of the Insured shall include:

    (a)    Overhead charges as defined by the Insured's regular accounting practice in place at the time of loss, and

    (b)    Payroll charges, appropriate fringe benefit costs and expenses of those employees expending time on the project, the cost of which is not included in item a. and;

    (c)    The share of home office costs including payroll and expenses of the divisions to which such employees are assigned, and;

    (d)    The share of corporate general and administrative costs allocated to the divisions involved as prescribed in the Insured's regular accounting practice in place at the time of the loss for determining its costs for providing engineering, procurement and construction management services.

(2)    Electronic data processing or control equipment and production machinery and equipment or any part thereof shall be valued at the lesser of the cost to repair or replace new on the same location as of the date of replacement except, with respect to items for which replacement with identical property is impossible, the **Company** shall be liable for the replacement cost being the cost of items similar to the lost, damaged or destroyed property and intended to perform the same function but which may include technological advances.

(3)    **Valuable Papers and Records** shall be valued at the cost to reproduce the property as of the date of reproduction including the cost of gathering and/or assembling information.

(4)    **Media** and **Data** shall be valued at the cost (a) to replace or repair **Media**; and (b) to restore **Data** including the costs to re-create, research and engineer.

(5)    Property of others which the **Insured** is required to insure to a stipulated value shall be valued at the lesser of the cost to repair or replace new on the same location as of the date of replacement, or at the stipulated value, at the **Insured's** option;

(6)    **Fine Arts** shall be valued as follows:

    (a)    Owned by the **Insured**:

        at the cost of reasonably restoring the property to its condition immediately prior to the loss, or in the event that the property cannot be restored, at the appraised value prior to the loss. If there is no appraisal, at the lesser of the original acquisition cost or the market value at the time of loss.

**BBI_001152**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

(b)    Property of Others:

at the lesser of the cost of reasonably restoring the property to its condition immediately prior to the loss, or the **Insured's** contractual or legal liability.

(7)    Property sold by the **Insured** under a conditional sale, trust agreement or an installment or deferred payment plan shall be valued as follows:

(a)    if a total loss occurs to such property, at the amount due the **Insured** as shown in its accounting records;

(b)    if a partial loss occurs to such property and the **Insured** repossesses the property, at the difference, if any, between the amount due the **Insured** as shown in its accounting records and the realized value of such property.

The amount of the **Company**'s liability under this valuation shall be reduced by any payments made to the **Insured** by the buyer with regards to such property.

(8)    Other property not otherwise provided for, at the insured's choice, the cost to repair or replace new on the same location, as of the date of replacement.

(9)    Permission is granted for the **Insured** to replace the damaged property with any property at the same location or at another location within the territorial limits of this **Policy**, but recovery is limited to what it would cost to repair or replace new on the same location as of the date of replacement. If repair or replacement of property lost, damaged or destroyed does not commence within two years after such loss, damage or destruction, the **Company** shall not be liable for more than the actual cash value at the time of loss, ascertained with proper deduction for depreciation, of the property damaged or destroyed. However, limitations imposed by federal, state, municipal or other governmental laws, ordinances, governmental directives or standards shall not result in an actual cash valuation but in a replacement cost new valuation. Nevertheless, the **Insured** may elect initially to make a claim on an actual cash value basis subject to the terms and conditions of this **Policy**, and subsequently submit a claim for the difference between the actual cash value settlement and replacement cost new as stipulated within this Valuation Clause, provided the **Company** is notified of this intent within two years after the direct physical loss, damage or destruction and provided the property which is lost, damaged or destroyed is repaired or replaced.

(10)    If the **Insured** elects to repair or replace lost, damaged or destroyed property, the costs and expenses of architects, surveyors, engineers and other relevant experts incurred by or on behalf of the **Insured** in effecting such repair or replacement shall be included as part of the loss.

To the extent the **Insured** acts as its own general contractor and/or provides engineering, design or construction services for repair or replacement of the lost, damaged or destroyed property, the costs incurred by or on behalf of the **Insured** shall include:

BBI_001153

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

(a)    overhead charges as defined by the **Insured's** regular accounting practice in place at the time of loss; and

(b)    payroll charges, appropriate fringe benefit costs and expenses of those employees expending time on the project, the cost of which is not included in paragraph (a); and

(c)    the share of home office costs including payroll and expenses of the divisions to which such employees are assigned; and

(d)    the share of corporate general and administrative costs allocated to the divisions involved as prescribed in the **Insured's** regular accounting practice in place at the time of the loss for determining its costs for providing engineering, procurement and construction management services.

## 7.    NEWLY ACQUIRED LOCATIONS

This Policy insures direct physical loss, damage or destruction to property of the type insured when such property is purchased, constructed, leased or rented, acquired, or is merged with, becomes an affiliate or subsidiary of, or comes under the control of the **Insured,** or in which the **Insured** acquires an insurable interest, after the inception date of this **Policy**.

This coverage for Newly Acquired Locations automatically applies from the date the **Insured** first acquires an insurable interest in such property and continues until the property is reported to the **Company** or the time limit shown in the Limits of Liability Clause in the Declarations section has been reached. The time limit begins on the date of purchase, lease, or rental or other acquisition. If the property is not reported to the **Company** within the designated time frame, coverage for this property shall fall under the **Miscellaneous Unnamed Locations** coverage thereafter.

The conditions stated under this clause shall not apply as respects property while in the course of construction, erection, installation, and assembly. In such instances, the policy's limit, or sublimit(s) with respects to this type of property shall apply.

## 8.    CONTRIBUTING INSURANCE

Contributing Insurance is insurance written under the same **Program.** This insurance shall contribute in accordance with the conditions of this **Policy.** The existence of such Contributing Insurance shall not prejudice the coverage provided under this **Policy** nor will it reduce any liability hereunder.

## 9.    EXCESS INSURANCE

Excess Insurance is insurance over the limit of liability set forth in this **Policy**. The existence of such Excess Insurance shall not prejudice the coverage provided under this **Policy** nor will it reduce any liability hereunder.

## 10.    UNDERLYING INSURANCE

BBI_001154

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

A. Underlying Insurance is insurance on all or any part of the deductible and against all or any of the causes of loss insured by this **Policy** including declarations of value to the carrier for hire. The existence of such Underlying Insurance shall not prejudice or affect any recovery otherwise payable under this **Policy**.

B. If the limits of such Underlying Insurance exceed the deductible amount which would apply in the event of loss under this **Policy**, then that portion which exceeds such a deductible amount shall be considered other insurance, as defined in the Other Insurance Clause.

## 11. <u>OTHER INSURANCE</u>

Except for insurance described by the Contributing Insurance Clause, the Excess Insurance Clause, or the Underlying Insurance Clause, this **Policy** shall not insure to the extent of any other collectible insurance, whether directly or indirectly insuring the same property against the same causes of loss. The **Company** shall be liable for loss or damage only to the extent of that amount in excess of the amount recoverable from such other collectible insurance. Notwithstanding that this **Policy** only insures for the excess of any other collectible insurance, the **Company** guarantees prompt payment in full of the amount of loss which would have been recoverable under this **Policy** in the absence of such other collectible insurance.

Should there be any recovery from the other insurance, subsequent to the loss payment made by this **Company**, then such recovery shall inure to the benefit of this **Company**, not to exceed the loss payment.

As used herein, "other collectible insurance" does not include self-insurance, deductibles, or self-insured retentions.

## 12. <u>PRIORITY OF PAYMENTS</u>

If the insurance under this **Program** consists of a primary layer and excess layer(s) of insurance, in the event of a loss

A. where the amount of such loss exceeds a layer in which the **Company** participates within the **Program** Limit of Liability; and

B. where a portion of such loss involves coverages and/or perils and/or locations insured under the Company's Policy(ies) as stated in the Participation Clause but not insured under policies excess of the Company's participation;

then this **Policy** shall, relative to its Program Limit of Liability, pay first the portion of such loss not insured by any excess **Policy**.

## 13. <u>EXCESS PARTICIPATION CLAUSE</u>

**BBI_001155**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

If the **Company** is participating on an excess basis, Clauses G. Deductibles and H. Waiting Period(s) of the Declarations shall be considered "for information purposes only" except as further described under subparagraph E. (2) below, and the following conditions shall apply:

A.    Attachment

There will be no coverage hereunder until the amount of direct physical loss, damage or destruction arising out of any one **Occurrence** exceeds the underlying layer above which the **Company**'s participation attaches, as shown in the Participation Clause E. of the Declarations, plus the applicable portion of the **Policy** deductible and subject to any Waiting Period attributable to the perils and/or property and/or coverages insured hereunder.

B.    Application of Sublimits

In the event of direct physical loss, damage or destruction involving:

(1)    liability under both the primary/underlying excess layer as well as the layer in which this **Policy** participates; and

(2)    any or all of the coverages where a sublimit applies within said primary/underlying excess layer

it is agreed that the maximum liability for such sublimited coverages shall be as shown in Clause F. Program Limits of Liability, paragraphs (2), (3) and (4) of the Declarations.

C.    Step Down Provision

(1)    In determining the amount of any direct physical loss, damage, or destruction for which this **Policy** is excess, the total loss for all coverages caused by any combination of perils, one or more of which is insured against under the primary/underlying excess **Policy(ies)**, shall be used even though all such perils or coverages are not insured against under this excess Policy.

(2)    Any recoveries made under the primary/underlying excess **Policy(ies)** shall be considered as first applying to those perils and/or property and/or coverages not insured against by this **Policy**. Upon exhaustion of the primary/underlying excess **Policy** limits, this **Policy** shall be liable for the loss in excess of the amount attributable to the primary/underlying excess **Policy(ies)** with respect to those perils and/or coverages and/or property insured hereunder, subject to the limit(s) of this **Policy**.

D.    **Insured** as Contributing or Self-Insurer

In the event the **Insured** is a contributing or self-insurer with respect to the perils and/or property and/or coverages otherwise insured in any primary/underlying Excess Insurance and no **Policy** is issued to define the extent of this contributing or self-insurance, for the purposes of this Excess Participation Clause, the **Insured's** contributing or self-insurance shall be deemed to be the same as either:

**BBI_001156**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

    (1)    all other Contributing Insurance participating in the **Insured's** layer(s); or

    (2)    all other Contributing Insurance participating in the layer below the **Insured's** layer where the **Insured** is entirely self-insuring the layer.

If the coverage provided by the **Policy(s)** of the other Contributing Insurance company(s) is non-concurrent, then the contributing or self-insurance provided by the **Insured** within that layer shall be deemed to be the same as the coverage provided by that Contributing Insurance company whose Policy provides the least indemnity for the loss.

E.    Drop Down Over Exhausted Aggregated Limits

    (1)    In the event the annual aggregate limits provided for **Flood** and/or **Earthquake** and/or any other perils or coverages in any primary/underlying excess insurance are diminished or exhausted in any one **Policy** year, the coverage provided under this **Policy** shall respond as excess of such remaining limits provided such coverage is insured hereunder.

    (2)    In such event, the applicable amount of the deductible provision of the primary **Policy** shall apply to the combination of all **Policies**.

    (3)    Where applicable relative to Contributing Insurance Policy(s) described in either subparagraphs D. (1) or D. (2) above, in the event the **Insured** is providing contributing or self-insurance in any of the layer(s) of insurance, and such other Contributing Insurance Policies contain aggregate Program Limits of Liability, the **Insured's** contributing or self-insurance for those coverages shall be deemed to be aggregated also

## 14.  <u>SUBROGATION</u>

A.    Any release from liability entered into by the **Insured** prior to loss hereunder shall not affect this **Policy** or the right of the **Insured** to recover hereunder. The right of subrogation against the **Insured**, the **Insured's** officers, directors, and employees, and at the option of the **Insured** against a tenant, vendor, supplier or customer of the **Insured**, is waived.

B.    In the event of any payment under this **Policy**, the **Company** shall be subrogated to the extent of such payment to all the **Insured's** rights of recovery therefor. The **Insured** shall execute all papers required and shall do anything that may be reasonably necessary at the expense of the **Company** to secure such right. The **Company** will act in concert with all other interests concerned, for example the **Insured** and any other company(ies) participating in the payment of any loss as primary or excess insurers, in the exercise of such rights of recovery.

If any amount is recovered as a result of such proceedings, the net amount recovered after deducting the cost of recovery shall be divided between the interests concerned in the proportion of their respective interests. The **Insured's** interest in such case shall be the applicable deductible and any uninsured loss. If there should be no recovery, the expense of proceedings shall be borne by the company(ies) instituting the proceedings.

## 15.  <u>SALVAGE AND RECOVERIES</u>

BBI_001157

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

All salvages, recoveries and payments, excluding proceeds from subrogation and Underlying Insurance, recovered or received prior to a loss settlement under this **Policy**, shall reduce the loss accordingly.  If recovered or received subsequent to a loss settlement under this **Policy**, such net amounts recovered shall be divided between the interests concerned, that is the **Insured** and any other company(ies) participating in the payment of any loss, in the proportion of their respective interests.

16. **MACHINERY**

In case of loss or damage insured against to any part of a machine or unit consisting of two or more parts when complete for use, the liability of the **Company** shall be limited to the value of the part or parts lost, damaged or destroyed or, at the **Insured's** option, to the cost and expense of replacing or duplicating the lost or damaged part or parts or of repairing the machine or unit.

17. **SUSPENSION**

Upon discovery of a dangerous condition with respect to any boiler, fired or unfired pressure vessel and any mechanical or electrical machine or apparatus used for the generation, transmission or utilization of mechanical or electrical power, any representative of the **Company** may immediately suspend the insurance with respect to an **Boiler and Machinery Accident** to said property by written notice mailed or delivered to the **Insured** at the mailing address of the **Insured**.

18. **ERRORS OR OMISSIONS**

Any unintentional error or omission made by the **Insured** shall not void or impair the insurance hereunder, provided the **Insured** reports such error or omission as soon as reasonably possible after discovery by the department of the **Insured** responsible for insurance matters.

19. **NOTICE OF LOSS**

As soon as practicable after any direct physical loss, damage or destruction occurring under this **Policy** is known to the department of the **Insured** responsible for insurance matters, the **Insured** shall report such loss or damage to the **Insured's** claims contact at Willis, for transmission to the **Company**.  Any delay by the **Insured** in providing notice shall not affect the **Insured's** right to coverage under this **Policy**, except if and to the extent that the **Company** proves that it actually and substantially was prejudiced by any unreasonable delay in notice.

20. **PROOF OF LOSS**

If legally required, the **Insured**, at the request of the **Company**, will render a signed and sworn proof of loss to the **Company** or its appointed representative within 90 days of such request stating: the place, time, and cause of the direct physical loss, damage or destruction; the interest of the **Insured** and of all others; the value of the property involved in the loss; and the amount of direct physical loss, damage, or destruction.

21 **LOSS PAYABLE**

BBI_001158

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

Loss, if any, shall be adjusted with and payable to the **Insured** or order, whose receipt shall constitute a release in full of all liability under this **Policy** with respect to such loss.

## 22.  PARTIAL PAYMENT OF LOSS

In the event of a loss insured by this **Policy**, it is understood and agreed that the **Company** will issue partial payment(s) of claim subject to the **Policy** provisions; such payment(s) shall not be less than the undisputed estimate of direct physical loss, damage or destruction between the **Insured** and the **Company**.  It is further agreed that the **Company** shall allow said partial payment(s) irrespective of whether or not property has been repaired or replaced.

## 23.  APPRAISAL

If the **Insured** and the **Company** fail to agree on the amount of the loss, either party may demand an appraisal process within 60 days after the **Company's** receipt of proof of loss. Within 15 days following the receipt of such a demand, each party shall select its own competent appraiser. The party-selected appraisers, within 15 days following their selection, shall in turn select a competent and disinterested umpire. At a reasonable time and place, the party-selected appraisers shall appraise the loss based on the Valuation conditions within the **Policy**. If the appraisers fail to agree on an amount, they shall promptly submit their differences to the umpire for a decision. Within 30 days following such submission, the umpire shall issue a written award determining the amount of loss, which shall be paid by the **Company** within 30 days thereafter. Each party shall pay its selected appraiser and the parties shall bear equally the costs of the umpire and other appraisal process expenses.

Nothing in this clause shall preclude either the **Insured** or the **Company** from commencing suit or otherwise affect the other terms and conditions of this **Policy**. However, where the **Insured** or the **Company** has demanded an appraisal process, the **Insured** and the **Company** agree not to commence any action earlier than 90 days following the appraisal process demand.

## 24.  PAIR OR SET

Except as provided under the Machinery Clause 17 and paragraph 3.C., Consequential Reduction in Value of the Policy Provisions, in the event of direct physical loss, damage or destruction insured against to any article or articles which are a part of a pair or set, the measure of such direct physical loss, damage or destruction to such article or articles shall be, at the **Insured's** option:

A.  the reasonable and fair proportion of the total value of the pair or set, giving consideration to the importance of said article or articles, but in no event shall such loss, damage or destruction be construed to mean total loss of the pair or set; or

B.  the full value of the pair or set provided that the **Insured** surrenders the remaining article or articles of the pair or set to the **Company**.

## 25.  ASSISTANCE AND COOPERATION OF THE INSURED

BBI_001159

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

The **Insured** shall reasonably cooperate with the **Company**, and, at the **Company**'s reasonable request and expense, shall attend hearings and trials and shall assist in effecting settlements, in securing and giving evidence, in obtaining the attendance of witnesses and in conducting suits.

## 26.  SUE AND LABOR

In case of actual or imminent direct physical loss, damage or destruction insured by this **Policy**, except imminent direct physical loss, damage or destruction with respect to an **Boiler and Machinery Accident**, it shall, without prejudice to this insurance, be lawful and necessary for the **Insured**, their factors, servants, or assigns to sue, labor and travel for, in and about the defense, the safeguard, and the recovery of property or any part of the property insured hereunder. In the event of direct physical loss, damage or destruction the acts of the **Insured** or of the **Company** in recovering, saving, and preserving the insured property shall not be considered a waiver or an acceptance of abandonment.  The **Company** shall pay the expenses so incurred including resulting **Time Element** loss.

## 27.  PAYMENT OF LOSS

All adjusted claims shall be due and payable no later than 30 days after presentation and acceptance of proofs of loss by the **Company** or its appointed representative.

## 28.  REINSTATEMENT

With the exception of loss caused by perils which are subject to annual aggregate limits as noted in Clause F. of the Declarations, no loss hereunder shall reduce the amount of this **Policy**.

## 290.  SUIT AGAINST THE COMPANY

No suit or action on this Policy for the recovery of any claim shall be sustainable in any court of law or equity unless the **Insured** shall have fully complied with all the requirements of this **Policy**.  If there is any dispute between the **Insured** and the **Company** as to whether the **Insured** has fully complied with all the requirements of this **Policy**, such a dispute may be resolved in a suit or action on the **Policy** for recovery of any claim.  The **Company** agrees that any action or proceedings against it for recovery of any loss under this **Policy** shall not be barred if commenced within two years and one day after the **Insured** provides notice to the **Company** in accordance with the Notice of Loss Clause above, which period shall be tolled from the date of notice until the date that the **Insured** receives the **Company's** "Final Coverage Decision" (this two year and one day period is referred to as the "limitations period"). However, the limitations period shall not apply if by the laws of the State of the mailing address of the **Insured** listed in the Policy Declarations such limitation period is invalid or if the laws of the jurisdiction in which any such action is brought permit a longer period of time within which to commence such a suit. A Final Coverage Decision must be identified as such in writing to the **Insured**.

BBI_001160

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

Furthermore, any tolling of the limitations period shall not preclude the **Insured** from bringing a suit or any other proceeding regarding recovery for any loss or of any claim hereunder during the period of tolling or at any other time. Prosecution of a suit by the **Insured** shall not be barred due to the failure of the **Company** to timely advise and notify the **Insured** of the expiration of any applicable dates to file and commence said suit.

It is agreed that in the event of the failure of the **Company** to pay any amount claimed to be due hereunder or in the event of any other dispute relating to this **Policy**, the **Company**, at the request of the **Insured**, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all of the requirements necessary to give such court jurisdiction and all matters hereunder shall be determined in accordance with the law and practice of such court, not including the court's law regarding choice of law. The **Company** shall not transfer, change venue, or remove, or seek to transfer, change venue, or remove any lawsuit filed by the **Insured** in any such court.

30. **EVIDENCE OF INSURANCE**

    A.   **Certificates of Insurance**

        Any certificate of insurance issued in connection with this **Policy** shall be issued solely as a matter of convenience or information for the addressee(s) or holder(s) of said certificate of insurance, except where any additional insured(s), loss payee(s), or mortgagee(s) are named pursuant to the Special Provisions of said certificate of insurance. In the event any additional insured(s), loss payee(s), or mortgagee(s) are so named, this **Policy** shall be deemed to have been endorsed accordingly subject to all other terms, conditions and exclusions stated herein.

    B.   **Memoranda of Insurance**

        With respect to any Memoranda of Insurance displayed on an internet web-site, any party(ies) which the **Insured** is contractually required to include as an additional insured(s), loss payee(s), or mortgagee(s) is granted such status under this **Policy** as such interest may appear upon notification of such interest by the **Insured** to Willis or the **Company**. Coverage under the **Policy** applies only if such notice has been given and to the extent of the coverage required by such contractual requirement and for the **Program** Limits of Liability specified in such contractual requirement, but in no event for insurance not afforded by the **Policy** nor for **Program** Limits of Liability in excess of the applicable **Program** Limits of Liability of the **Policy**.

    C.  (1)  The existence of more than one **Insured**, additional insured or other interests shall not serve to increase the **Program** Limits of Liability of the **Policy**.

        (2) The **Company** hereby authorizes Willis to issue any Certificate of Insurance and to display Memoranda of Insurance, including any Mortgagee or Loss Payee Clauses consistent with the foregoing.

31. **MORTGAGEHOLDERS CLAUSE**

    A.   The term mortgage holder includes trustee.

BBI_001161

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

B.   The **Company** will pay for covered loss of or damage to buildings or structures to each mortgage holder shown in the **Policy** or Evidence of Insurance in their order of precedence, as interests may appear.

C.   The mortgage holder has the right to receive loss payment even if the mortgage holder has started foreclosure or similar action on the building or structure.

D.   If the **Company** denies the **Insured's** claim because of the **Insured's** acts or because the **Insured** has failed to comply with the terms of this **Policy**, the mortgage holder will still have the right to receive loss payment if the mortgage holder:

  (1)   Pays any premium due under this **Policy** at the request of the **Company** if the **Insured** has failed to do so;

  (2)   Submits a signed, sworn proof of loss within 60 days after receiving notice from the **Company** because of the **Insured's** failure to do so; and

  (3)   Has notified the **Company** of any change in ownership, occupancy or substantial change in risk known to the mortgage holder.

All of the terms of this **Policy** will then apply directly to the mortgage holder.

E.   If the **Company** pays the mortgage holder for any loss or damage and denies payment to the **Insured** because of the **Insured's** acts or because the **Insured** has failed to comply with the terms of this **Policy**:

  (1)   The mortgage holder's rights under the mortgage will be transferred to the **Company** to the extent of the amount the **Company** pays; and

  (2)   The mortgage holder's right to recover the full amount of the mortgageholder's claim will not be impaired.

At the Company's option, the **Company** may pay to the mortgageholder the whole principal on the mortgage plus any accrued interest. In this event, the **Insured's** mortgage and note will be transferred to the **Company** and the **Insured** will have its remaining mortgage debt paid to the **Company**.

F.   If the **Company** cancels this **Policy**, the **Company** will give written notice to the mortgage holder at least:

  (1)   10 days before the effective date of cancellation if the **Company** cancels for the **Insured's** non-payment of premium; or
  (2)   30 days before the effective date of cancellation if the **Company** cancels for any other reason.

G.   If the **Company** elects not to renew this **Policy**, the **Company** will give written notice to the mortgage holder at least 30 days before the expiration date of this Policy.

BBI_001162

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

32.  **CANCELLATION**

A.  This **Policy** may be canceled at any time at the request of the **Insured** or it may be canceled by the **Company** by mailing to the **Insured** at the Mailing Address shown in Clause B. of the Policy Provisions and to the additional insureds/loss payees/mortgagees indicated on the certificates of insurance or endorsements hereunder issued during the term of this **Policy**, written notice stating when, not less than 90 days thereafter, such cancellation shall be effective.  The earned premium shall be computed on a pro-rata basis.

B.  The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the cancellation notice shall become the end of the **Policy** period. Delivery of such written notice either by the **Insured** or by the **Company** shall be equivalent to mailing.

C.  Cancellation shall not affect coverage on any shipment in transit on the date of cancellation. Coverage will continue in full force until such property is safely delivered and accepted at place of final destination.

D.  In the event of non-payment of premium this **Policy** may be canceled by the **Company** by mailing to the **Insured** at the Mailing Address shown in Clause B. of the Policy Provisions and to the additional insureds/loss payees/mortgagees indicated on the certificates of insurance or endorsements hereunder issued during the term of this **Policy** stating when, not less than 10 days thereafter, such cancellation shall be effective.  Reinstatement of coverage shall be effective immediately upon receipt of premium by the **Company**.

E.  In the event of cancellation of this **Policy** by the **Company**, except cancellation for non-payment of premium, the annual aggregate deductible, if any, shall be computed on a pro rata basis predicated on that portion of the **Policy** year that has lapsed up to the date such cancellation becomes effective. If losses assumed by the **Insured** exceed the amount that would have been sustained if computed on such a pro rata basis, the **Company** shall promptly pay the **Insured** their share of the difference between the assumed losses and the pro rata amount.  Cancellation by the **Insured** shall not result in any adjustment of the annual aggregate deductible.

33.  **NON-RENEWAL**

This **Policy** may be non-renewed by the **Company** for any reason permitted by law by mailing to the **Insured** at the Mailing Address shown in Clause B. of the Declarations and to the additional insureds/loss payees/mortgagees indicated on certificates of insurance or endorsements hereunder issued during the term of this **Policy**, written notice of non-renewal provided at least 60 days but not more than 120 days before the expiration date of this **Policy**.

34.  **VALUES**

Any statement of values and/or property provided to the **Company** are for premium purposes only and shall not limit the coverages provided by this **Policy**.

**BBI_001163**

**35.  TITLES OF PARAGRAPHS**

The titles of paragraphs of this form and of endorsements and supplemental contracts, if any, now or hereafter attached hereto are inserted solely for convenience of reference and shall not be deemed in any way to limit or affect the provisions to which they relate.

**36.  CONFORMANCE**

The terms of this **Policy** which are in conflict with the applicable statutes of the jurisdiction wherein this **Policy** is issued are hereby amended to conform to such statutes, unless the statutes narrow or limit the coverage afforded by this **Policy** and do not bar a **Policy** from providing broader coverage.

**37.  CROSS LIABILITIES**

The inclusion herein of more than one person or entity, as **Insured**, shall not operate to increase the limits of the **Company's** liability nor the deductible amounts to be borne by the **Insured**.  Except with respect to **Program** Limits of Liability and deductible amounts, the terms of this **Policy** shall apply separately to each person or entity covered as **Insured** in the same manner and to the extent as though a separate **Policy** had been issued to each such person or entity.

**38.  ABANDONMENT**

There may be no abandonment of any property to the **Company**.

**39.  ASSIGNMENT**

This **Policy** may not be assigned without the written consent of the **Company**.

**40.  LIBERALIZATION**

If during the period that insurance is in force under this **Policy**, or within six months before this **Policy's** inception, any authorized endorsement or filed rules or regulations affecting the same are revised or approved by statute so as to broaden this insurance without an additional premium charge, then such extended or broadened insurance shall inure to the benefit of the **Insured.**

**41.  BREACH OF WARRANTY**

If a breach of any warranty or condition in this **Policy** occurs, which breach, by the terms of the warranty or condition, shall operate to suspend or void this insurance, the suspension or voidance due to such breach shall be effective only during the continuance of such breach, and then only with respect to the property at the location where the warranty or condition has reference and with respect to which the breach occurs.

BBI_001164

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

# DEFINITIONS

The following terms wherever used in this **Policy** shall mean as follows:

**A.    Boiler and Machinery Accident**

(1)    **Accident** means:

    (a)    any condition or **Occurrence** within boilers or fired or unfired vessels owned by, operated by, or under the control of the **Insured** and subject to pressure or vacuum including piping or apparatus attached to and forming a part thereof, except that the words "any condition or **Occurrence**" shall not include explosions, other than explosion of the parts of a steam boiler containing steam or water, steam piping, steam turbines, or steam engines;

    (b)    mechanical breakdown of any machine or apparatus arising out of any condition or **Occurrence** within such machine or apparatus;

    (c)    electrical injury or disturbance to electrical appliances, devices, fixtures, wiring, or other electrical or electronic equipment caused by electrical currents artificially generated.

However, the term " **Boiler and Machinery Accident**" does not include:

    (i)    loss or damage from fire or from the use of water or other means to extinguish fire; and
    (ii)    the normal operation of any safety or protective device;

(2)    The term "**Boiler and Machinery Accident**" shall not apply to the following property:

    (a)    property in transit;

    (b)    property while in the course of construction, erection, installation, or assembly;

    (c)    electronic data processing systems used for administrative, statistical, or accounting purposes, **Media** and **Data;**

    (d)    any sewer piping, any piping forming a part of a fire protective system, or any water piping other than:

        (i)    boiler feed water piping;
        (ii)    boiler condensate return piping;
        (iii)    water piping used in a heat transfer system for cooling, humidifying, or space heating purposes;
        (iv)    any vehicle, aircraft, or self-propelled equipment or floating vessel;
        (v)    any elevator, crane, ladle or bucket, hoist, power shovel, drag line, excavator, scale, or conveyor, but not excluding any pressure vessel, gears, engines or electrical equipment used with a machine.

BBI_001165

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

**B.    Ammonia Contamination**

**Ammonia Contamination** means the loss with respect to damage by ammonia contacting or permeating property under refrigeration or in process requiring refrigeration as a result of any one **Boiler and Machinery Accident**.

**C.    Company(ies)**

**Company(ies)** means the insurance company(ies) providing the insurance under this **Policy**.

**D.    Data**

**Data** means facts, information, concepts or instructions in a form usable for communications, interpretation or processing by automatic means.  It includes computer programs or software and organized or stored information.

**E.    Earthquake**

**Earthquake** means a shaking or trembling of the earth that is tectonic in origin.
However, ensuing physical loss, damage or destruction arising from a peril not otherwise excluded herein caused by such **Earthquake** shall not be considered **Earthquake** within the terms and conditions of this **Policy**.

**F.    Fine Arts**

**Fine Arts** means paintings; etchings; pictures; tapestries; art glass; art glass windows; valuable rugs; statuary; sculptures; bronzes; marbles; bric-a-brac; porcelains; rare glass; antique furniture; silver and jewelry; rare books; manuscripts; photographs (positives and negatives); lithographs; illustrations; gallery proofs; original records; and similar property of rarity, historical value, or artistic merit.

**G.    Finished Stock**

**Finished Stock** means stock which in the ordinary course of the **Insured's** business is ready for packing, shipment or sale.

**H.    Flood**

**Flood** means a rising and overflowing of a body of water onto normally dry land including that which results from tsunami, tidal wave, seismic sea wave, or series thereof caused by any one disturbance.  Such definition does not include **Storm Surge**. However, ensuing physical loss, damage or destruction arising from a peril not otherwise excluded herein caused by such **Flood** shall not be considered **Flood** within the terms and conditions of this **Policy**.

**BBI_001166**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

I.    **Fungus**

**Fungus** means any of the plants or organisms belonging to the major group fungi, lacking chlorophyll, and including **Mold(s)**, rusts, mildews, yeasts, smuts and mushrooms. **Mold** means any superficial growth produced on damp or decaying organic matter or on living organisms, and fungi that produce **Mold(s)**. Both definitions include any spores or toxins created or produced by or emanating from such **Fungus** or **Mold**. **Spores** mean any dormant or reproductive body produced by or arising or emanating out of **Fungus** or **Mold**.

J.    **Land Improvements**

**Land Improvements** mean any alteration to the natural condition of the land whether natural or manmade by grading, landscaping, earthen dikes or dams, and additions to land such as drainage systems, pavements, roadways or similar works.

K.    **Media**

**Media** means materials upon which **Data** is recorded including, but not limited to, paper tapes, cards, electronic memory circuits, and magnetic or optical storage devices.

L.    **Merchandise**

**Merchandise** means goods kept for sale by the **Insured** which are not the product of manufacturing operations conducted by the **Insured**.

M.    **Miscellaneous Unnamed Location**

**Miscellaneous Unnamed Location** means any unreported property of the type insured situated within the Policy Territory which does not fit the definition of a Newly Acquired Location under the terms of this **Policy**. This definition does not include property in transit.

N.    **Named Windstorm**

**Named Windstorm** means a storm or weather disturbance which is identified by name by any government authorized meteorological authority such as the National Oceanic and Atmospheric Administration's (NOAA) National Hurricane Center. For purposes of this definition, **Named Windstorm** shall include direct physical loss, damage or destruction caused by:

(1)    direct action of wind including ensuing **Storm Surge**;
(2)    any material, object or debris that is carried, propelled or in any manner moved by such windstorm;
(3)    any tornado(s) that is the result of actions or effects of such windstorm;
(4)    hail that is the result of actions or effects of such windstorm;
(5)    lightning that is the result of actions or effects of such windstorm;
(6)    rain or water (not constituting a **Flood**), whether the rain or water is driven by wind or not, that enters a building or structure insured under this **Policy** through an opening(s) created by the direct action of such windstorm.

BBI_001167

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

Once the Named Windstorm, as declared by any government authorized meteorological authority, no longer meets the parameters of a Named Windstorm, as set forth by a government authorized meteorological authority, then all subsequent loss, damage or destruction will not be considered caused by a Named Windstorm.

However, ensuing physical loss, damage or destruction not contained in paragraphs (1) to (6) above and not otherwise excluded herein shall not be considered **Named Windstorm** within the terms and conditions of this **Policy**.

**O.  Occurrence**

**Occurrence** means all direct physical loss, damage or destruction insured against arising out of or caused by one event, except:

(1)  With respect to theft, the term **Occurrence** as referred to above means the sum total of all theft losses of insured property resulting from one or more concealed acts committed by one person or more than one person acting in unison to the extent such loss is not otherwise excluded under this **Policy**.

(2)  With respect to a **Boiler and Machinery Accident**, if an initial **Boiler and Machinery Accident** causes other **Boiler and Machinery Accidents**, all direct physical loss, damage or destruction shall be considered one **Boiler and Machinery Accident**.

(3)  With the exception of direct physical loss, damage or destruction caused by **Earthquake** and **Named Windstorm**, in situations where an event of direct physical loss, damage or destruction is designated by Insurance Services Office's Property Claim Services (PCS) unit with a PCS Catastrophe Serial Number also known as an ISO CAT Code, all such direct physical loss, damage or destruction insured against under this **Policy** occurring as part of such PCS Catastrophe Serial Number shall be considered "one **Occurrence**" regardless of the time period involved.

(4)  Each loss by **Earthquake** shall constitute a single **Occurrence** hereunder if more than one **Earthquake** shock occurs within any period of 168 hours during the term of this **Policy**, the beginning of which 168 hour period may be determined by the **Insured.**

(5)  Each loss by **Named Windstorm** shall constitute a single **Occurrence** if resulting loss, damage or destruction arising from such Named Windstorm occurs within a period of 72 hours, the beginning of which period may be determined by the **Insured**.

(6)  Each loss by **Flood** shall constitute a single **Occurrence** if any **Flood** occurs within a period of the continued rising or overflow of any body of water and the subsidence of same; or any **Flood** which results from any tsunami, tidal wave, seismic sea wave, or series thereof caused by any one disturbance.

(7)  Should any time period referred to in Clauses (4) and (5) above commence prior to expiration or cancellation date of this **Policy**, the **Company** shall pay all such **Earthquake** and **Named**

BBI_001168

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

**Windstorm** losses occurring during such period as if such period fell entirely within the term of this **Policy**.

**P.    Ordinary Payroll**

**Ordinary Payroll** means the entire payroll expense for all employees of the **Insured** except officers, executives, department managers, employees under contract, and other important employees as determined by the **Insured**.

**Q.    Policy**

**Policy** means the agreed terms and conditions contained herein, including any subsequent endorsements that define the **Company's** participation in an overall property insurance **Program**. Any **Company** form, jacket, or standard fire policy issued in conjunction with this **Policy** is hereby replaced in its entirety by this **Policy** and its endorsements.

**R.    Pollutant**

**Pollutant** means any solid, liquid, gaseous or thermal irritant or contaminant, (except smoke resulting from the sudden, unusual and faulty operation of any stationary furnace, heating or cooking unit situated at an insured location) including smoke, vapor, soot, fumes, acids, alkalis, chemicals, bacteria, fungi, virus, **Mold**, spores, vaccines and waste. Contaminant means an impurity resulting from the mixture or contact of a substance with a foreign substance. Waste includes materials to be recycled, reconditioned or reclaimed as well as disposed of.

**S.    Program**

**Program** means the sum of all policies issued to the **Insured**, inclusive of any self- insurance, which may be arranged in one or more layers that provide coverage up to an agreed **Program** limit as shown in Clause E. Participation of this form.

**T.    Raw Stock**

**Raw Stock** means materials and supplies in the state in which the **Insured** receives them for conversion by the **Insured** into **Finished Stock**, including supplies consumed in such conversion or in the service rendered by the **Insured**.

**U.    Securities**
**Securities** mean all negotiable and non-negotiable instruments or contracts representing either money or other property, and include revenue and other stamps in current use, tokens and tickets but does not include money.

**V.    Soft Costs**

**BBI_001169**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

**Soft Costs** means those costs over and above the costs which normally would have been incurred with respect to property while in the course of construction, erection, installation, and assembly including, but not limited to:

(i)   the amount of actual interim or construction financing interest, or additional interest, including loan fees and other one time charges incurred to negotiate a new construction loan and/or extend the existing one;

(ii)  realty taxes and ground rent if any;

(iii) advertising and promotional expenses;

(iv)  cost of additional commissions;

(v)   cost of returning any commitment fees received from prospective tenant(s) or purchaser(s);

(vi)  architects, surveyors, legal, consulting engineers or other fees not otherwise covered elsewhere under this **Policy**;

(vii) project administration expense;

(viii) insurance premiums.

**W.   Special Flood Hazard Areas** (SFHA)

**Special Flood Hazard Areas** (SFHA) means:

(1)   Areas, which at the time of direct physical loss, damage or destruction, have been designated on a Flood Insurance Rate Map (FIRM) published by the Federal Insurance Administration (FIA) to be **Flood** zones A, AO, AH, A1–A30, AE, A99, AR, AR/A, AR/AE, AR/A1–A30, AR/AH, AR/AO, V, V1-V30, and VE; or

(2)   For areas where the National Flood Insurance Program is not in effect: an area in a floodplain that has a 1% or greater chance of a **Flood** occurring equal to or exceeding the Base Flood Elevation (BFE) in any given year. For the purposes of this calculation, Federal Emergency Management Agency (FEMA) guidelines shall be used.

**X.   Sprinkler Leakage**

**Sprinkler Leakage** means direct loss by:

(1)   water or other substance discharged from within any part of the fire protective equipment contained within the premises insured herein or the adjoining premises;

(2)   collapse or fall of tanks forming a part of the fire protective equipment or the component parts or supports of such tanks;

(3)   freezing of fire protective equipment.

The term "fire protective equipment" includes tanks, water mains, hydrants, or valves, and any other equipment whether used solely for fire protection or jointly for fire protection and for other purposes but does not include:

(a)   branch piping from a joint system where such branches are used entirely for purposes other than fire protection;

BBI_001170

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

    (b)   any underground water mains or appurtenances located outside of the described premises and forming a part of the public water distribution system;

    (c)   any pond or reservoir in which the water is impounded by a dam.

**Y.**   **Stock in Process**

**Stock in Process** means **Raw Stock** which has undergone any aging, seasoning, or other processing by the **Insured** but which has not become **Finished Stock**.

**Z.**   **Storm Surge**

**Storm Surge** means water driven inland from coastal waters by high winds and low atmospheric pressure. Such definition shall not be considered **Flood**.

**AA.**  **Time Element**

**Time Element** means Business Interruption, Extra Expense, Rental Value, Royalties, and **Soft Costs** loss as insured under the **Policy** including Time Element Extensions and Provisions related thereto.

**BB.**  **Valuable Papers and Records**

**Valuable Papers and Records** means written, printed, or otherwise inscribed documents and records, including but not limited to books, maps, films, drawings, abstracts, deeds, mortgages, micro-inscribed documents and manuscripts, but not including money and/or **Securities**.

**CC.**  **Water Damage**

**Water Damage** means the loss to air conditioning and refrigerating systems and water piping used for humidifying, cooling or space heating purposes damaged by water as a result of any one **Boiler and Machinery Accident.**

BBI_001171

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ADDENDUM A - New Madrid Earthquake Zone Counties

| STATE | COUNTIES |
|---|---|
| Arkansas | Clay, Craighead, Crittenden, Cross, Greene, Jackson, Lawrence, Mississippi, and Poinsett |
| Illinois | Alexander, Bond, Clinton, Crawford, Franklin, Gallatin, Hamilton, Hardin, Jackson, Jefferson, Johnson, Madison, Massac, Monroe, Perry, Pope, Pulaski, Randolph, Saline,  St. Clair, Union, Washington, White, and Williamson |
| Indiana | Pike, Posey, Vanderburgh and Warrick |
| Kentucky | Ballard, Calloway, Carlisle, Fulton, Graves, Hickman, Livingston, Marshall, and McCracken |
| Mississippi | Bolivar, Coahoma, De Soto, Marshall, Tate, and Tunica |
| Missouri | Bollinger, Butler, Cape Girardeau, Dunklin, Franklin, Iron, Jefferson, Madison, Mississippi, New  Madrid, Pemiscot, Perry, Reynolds, Scott, , St. Charles, St. Francois, St. Louis, St. Louis City, Ste. Genevieve, Stoddard, Warren, Washington, and Wayne |
| Tennessee | Crockett, Dyer, Fayette, Gibson, Hardeman, Haywood, Lake, Lauderdale, Madison, Obion, Shelby, Tipton, and Weakley |

BBI_001172

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ADDENDUM B - Pacific Northwest Earthquake Zone Counties and Cities

| STATE | COUNTIES |
|---|---|
| Washington | Clallam, Island, Jefferson, King, Kitsap, Mason, Pierce, San Juan, Skagit, Snohomish, Thurston, and Whatcom |

BBI_001173

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ADDENDUM C - Wind Counties

| UNITED STATES OF AMERICA | |
|---|---|
| **STATE** | **COUNTIES/ PARISHES** |
| Alabama | Baldwin, Mobile |
| Florida | Entire State |
| Georgia | Bryan, Camden, Glynn, Liberty, McIntosh |
| Hawaii | Entire State |
| Louisiana | Cameron, Iberia, Jefferson, Lafourche, Orleans, Plaquemines, Saint Mary, Saint Tammany, Terrebonne, Vermilion |
| Mississippi | Hancock, Harrison, Jackson |
| North Carolina | Beaufort, Brunswick, Carteret, Craven, Dare, Hyde, New Hanover, Onslow, Pamlico, Pender |
| South Carolina | Beaufort, Charleston, Colleton, Georgetown, Horry, Jasper |
| Texas | Aransas, Brazoria, Calhoun, Cameron, Chambers, Galveston, Harris, Jackson, Jefferson, Kennedy, Kleberg, Nueces, Refugio, San Patricio, Willacy |

**BBI_001174**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ADDENDUM D – Special Flood Hazard Area Locations

For the purposes of determining which locations are located in a SPECIAL FLOOD HAZARD AREA (Zones A or V as defined by the Federal Emergency Management Agency), it is agreed that the flood zone identification contained in the schedule of locations provided to the Insurer at the inception of the policy period will be used to make such determination unless otherwise agreed by the Insured and the Insurer.  As respects locations added during the policy period, the zone identified at that time will apply and if the zone is not identified, then the Insurer will consider these locations as Zone X (an area that is determined to be outside the 100 and 500 year flood plains) for the balance of the policy period.

| Location Name | Address | City | State | ZIP |
|---|---|---|---|---|
| Bonefish | 4889 West Chester Pike | Newtown Square | Pennsylvania | 19073-2213 |
| Outback | 4509 W Poplar St | Rogers | Arkansas | 72758-1339 |
| Bonefish | 890 William Hilton Pkwy | Hilton Head | South Carolina | 29928-3418 |
| Outback | 1765 Ala Moana Blvd | Oahu | Hawaii | 96815-1435 |
| Outback | 6650 Kalanianaole Highway | Oahu | Hawaii | 96825-1215 |
| Outback | 6040 Elon Lane | Vero Beach | Florida | 32966 |
| Outback | 3161 N E 163rd St | N Miami Beach | Florida | 33160-4463 |
| Outback | 8255 W Flagler St | Miami | Florida | 33144-2060 |
| Outback | 15490 NW 77th Ct | Miami Lakes | Florida | 33016-5823 |
| Outback | 3230 N Roosevelt Blvd | Key West | Florida | 33040-4114 |
| Outback | 14830 Griffin Rd | Davie | Florida | 33331-2400 |
| Flemings | 20753 N Pima Rd | N Scottsdale | Arizona | 85255-9191 |
| Outback | 7201 E Indiana St | Evansville | Indiana | 47715-2793 |
| Outback | 2746 Severn Ave | Metairie | Louisiana | 70002-5937 |
| Outback | 1600 W Pinhook Dr | Lafayette | Louisiana | 70508-3738 |
| Flemings | 600 Brickell Ave, Suite 150 | Miami | Florida | 33131 |
| Outback | 27230 Bay Landing Dr | Bonita Springs | Florida | 34135-4350 |
| Outback | 4255 Haines Rd | Hermantown | Minnesota | 55811-3955 |
| Flemings | 8487 Union Chapel Rd | Indianapolis | Indiana | 46240-4379 |
| Outback | 539 River Rd | Edgewater | New Jersey | 07020-1146 |
| Outback | 5220 S Croatan Hwy | Nags Head | North Carolina | 27959-9500 |
| Outback | 111 Howell Rd | New Bern | North Carolina | 28562-7853 |
| Flemings | 90 The Promenade | Edgewater | New Jersey | 07020-2127 |
| Outback | 2113 Boundary St | Beaufort | South Carolina | 29902-3859 |
| Outback | 5582 Old Hickory Blvd | Hermitage | Tennessee | 37076-2576 |
| Flemings | 4325 Glenwood Ave | Raleigh | North Carolina | 27612-4532 |

BBI_001175

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

| Outback | 4500 Franklin Ave | Waco | Texas | 76710-6910 |
|---------|-------------------|------|-------|------------|
| Outback | 1062 Charleston Town Ctr | Charleston | West Virginia | 25389-0004 |
| Outback | 105 Grand Central Mall | Parkersburg | West Virginia | 26105-4110 |
| Outback | Las Catalinas Mall PR52 Esquina PR156 | Caguas | Puerto Rico | 725 |
| Carrabba's | 10110 Us Hwy 19 N | Port Richey | Florida | 34668-3743 |
| Carrabba's | 7890 W Irlo Bronson Hwy | Kissimmee | Florida | 34747-1738 |
| Carrabba's | 2779 Capital Cr NE | Tallahassee | Florida | 32308-4132 |
| Carrabba's | 5425 University Pkwy | Sarasota | Florida | 34201-2012 |
| Carrabba's | 27220 Bay Landing Dr | Bonita Springs | Florida | 34135-4350 |
| Carrabba's | 7620 N Wickham Rd | Melbourne | Florida | 32940-7911 |
| Carrabba's | 12631 Tamiami Trail E | Naples | Florida | 34113-8452 |
| Carrabba's | 18600 NW 87 Ave | Miami | Florida | 33015 |
| Carrabba's | 9231 W Flagler St | Miami | Florida | 33172 |
| Carrabba's | 5475 Gateway Village Circle S | Orlando | Florida | 32812-4004 |
| Carrabba's | 4675 St Johns Parkway | Sanford | Florida | 32771 |
| Carrabba's | 4641 Veterans Blvd | Metairie | Louisiana | 70006 |
| Bonefish | 5062 4th St N | St Petersburg | Florida | 33703-2902 |
| Bonefish | 12520 SW 120th St | Kendall | Florida | 33186-9064 |
| Bonefish | 14218 Southwest 8th St Unit 11 | Miami | Florida | 33184-3101 |
| Bonefish | 14261 S Tamiami Trail | Ft Myers | Florida | 33912-1911 |
| Bonefish | 1500 5th Ave S | Naples | Florida | 34102-3492 |
| Bonefish | 10197 West Sunrise Blvd | Plantation | Florida | 33322-7617 |
| Bonefish | 7801 West Irlo Bronson Memoria | Kissimmee | Florida | 34747-1732 |
| Bonefish | 2251 Town Center Ave Suite 12 | Viera | Florida | 32940-6105 |
| Bonefish | 2075 Indian River Boulevard | Vero Beach | Florida | 32960 |
| Bonefish | 18713 Biscayne Blvd | Aventura | Florida | 33180 |
| Bonefish | 6401 E Lloyd Exwy | Evansville | Indiana | 47715-2796 |
| Carrabba's | 475 Harmon Meadow Blvd | Secaucus | New Jersey | 07094-3621 |
| Carrabba's | 550 Towne Dr | Fayetteville | New York | 13066-1331 |
| Carrabba's | 3340 Henrietta Rd | Henrietta | New York | 14623 |
| Carrabba's | 2471 Park Ave | Easton | Pennsylvania | 18045 |
| Carrabba's | 2575 Maryland Rd | Willow Grove | Pennsylvania | 19090-1212 |
| Carrabba's | 6803 N Kings Hwy | Myrtle Beach | South Carolina | 29577 |
| Carrabba's | 14 Folly Field Rd | Hilton Head | South Carolina | 29928-5446 |
| Bonefish | 601 From Road | Paramus | New Jersey | 07652-3506 |

BBI_001176

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

| Bonefish | 600 Towne Drive Lot 16 | Fayetteville | New York | 13066 |
|---|---|---|---|---|
| Outback | Campbell Dr and NE 30th Terrace | Homestead | Florida | 33033-7614 |
| Outback | HWY 59 & Kirkwood | Stafford | Texas | 77477 |
| Outback | 3201 Horizon Dr | Springfield | Illinois | 62704 |
| Outback | 3760 SW Archer Rd | Gainesville | Florida | 32608-2411 |
| Outback | 455 Harmon Meadow Blvd | Secaucus | New Jersey | 07094-3659 |
| Outback | 9975 Triange Blvd E | South Naples | Florida | 34113-8431 |
| Carrabba's | 544 N Thompson Ln | Murfreesboro | Tennessee | 37129-4302 |
| Carrabba's | 1299 S Federal Hwy | Pompano Beach | Florida | 33062-7038 |
| Outback | 3939 Long Beach Rd | Island Park | New York | 11558-1127 |
| Carrabba's | 11141 Southern Blvd | Royal Palm Beach | Florida | 33411-4255 |
| Flemings | 3060 N. Causeway Blvd | Metairie | Louisiana | 70002 |
| Flemings | 8985 Tamiami Trial N | Naples | Florida | 34108-2583 |
| Outback | 10860 State Rd 54 | Trinity | Florida | 34655-2266 |
| Bonefish | 6282 N Federal Hwy | Ft Lauderdale | Florida | 33308-1917 |
| Outback | 4920 Milan Rd | Sandusky | Ohio | 44870-5899 |
| Bonefish | 200 Mill Creek Dr | Secaucus | New Jersey | 07094-3673 |
| Outback | 401 Channel Side Drive | Tampa | Florida | 33602 |
| Flemings | 800 West Olympic Blvd | Los Angeles | California | 90015-1360 |
| Outback | 7804 W Irlo Bronson Hwy | Kissimmee | Florida | 34747-1735 |
| Warehouse | 1 Commercial Street | Sharon | Massachusetts | 02067 |

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

**BBI_001177**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 1

**INSURED:**            Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                       Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**     December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

### Named Insured Endorsement

**DECLARATIONS, A. INSURED** is deleted and replaced with the following:

Bloomin' Brands, Inc., OSI Restaurant Partners, LLC and PRP Holdings, LLC and including any subsidiary and its affiliated, parent and subsidiary companies and/or corporations, including any limited liability companies or partnerships in which any insured entity is a partner or member and any partnership or joint venture in which any of the preceding entities have a majority interest or management control or are responsible to insure, all as now exist or may hereafter be constituted or acquired, and any party in interest which any of the preceding entities are responsible to insure, hereinafter referred to as "the Insured", including its legal representatives.

With respect to partnerships and joint ventures in which any of the preceding entities do not have a majority interest , management control , a master employment services agreement, or are not responsible to insure, but in which the Insured has assumed responsibility to insure the entire entity.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

BBI_001178

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 2

**INSURED:**          Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                     Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**   December 31, 2019


The following provisions are hereby attached to and made part of this **Policy**:

The following are hereby listed in this policy as The Insured:

Bloomin' Brands, Inc.
OSI HoldCo II, Inc.
OSI HoldCo I, Inc.
OSI HoldCo, Inc.
OSI Restaurant Partners, LLC
Outback Steakhouse of Florida, LLC
Outback Designated Partner, LLC
Carrabba's Italian Grill, LLC
OS Realty, LLC
OSI Co-Issuer, Inc.
PRP Holdings, LLC
Private Restaurant Properties, LLC
New PRP Mezz 2, LLC
New PRP Mezz 1, LLC
New Private Restaurant Properties, LLC
Bonefish Grill, LLC
OS Asset, Inc.
OS Management, Inc.
OS Mortgage Holdings, Inc.
OS Pacific, LLC
OS Prime, LLC
OS Southern, LLC
OS Tropical, LLC
Outback and Carrabba's of New Mexico, Inc.
Outback Steakhouse International, LLC
Private Restaurant Master Lessee, LLC
OS Restaurant Services, LLC
Bonefish Grill of Florida, LLC
OSI/Fleming's, LLC
OSI International, LLC
Roy's/Outback Joint Venture


ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

BBI_001179

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

### ENDORSEMENT NO. 3

**INSURED:**             Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                         Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**      December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

### VALUATION

Policy Provisions Item 6. Valuation. B (1) Real and Personal Property: The following wording is added:

In the event of a loss of 50% or greater of the value reported to an insured location, at the option of the Named Insured, this policy will pay the increased replacement costs to conform to the Named Insured's most recent design specifications, including but not limited to the design model or prototype design that is in development or being implemented by the Named Insured.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

BBI_001180

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 4

**INSURED:**            Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                       Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**     December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

### MORTGAGEE CLAUSE

Loss or damage, if any, under this policy, shall be payable to any mortgagee, (or trustee) as designated herein by endorsement or certificate of insurance, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title of ownership of the property, (provided insured has insurable interest in property) nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

Provided, also, that the mortgagee (or trustee) shall notify this Company(ies) of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

This Company(ies) reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this Company(ies) shall have the right, on like notice, to cancel this agreement.

Whenever this Company(ies) shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this Company(ies) shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest accrued thereon to the date of such payments, and shall receive a full assignment and transfer of the mortgage and of all such other securities; but not subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

**BBI_001181**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 5

**INSURED:**      Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**    December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

## NOTICE OF CANCELLATION AND NON RENEWAL TO CERTIFICATE HOLDER

This endorsement modifies the insurance provided under this policy as follows:

We shall provide 30 days written notice, in accordance with the policy provisions, in the event this
policy is cancelled or non-renewed to the entity(ies) shown below:

Notice will be mailed to:

Bank of America, Its Successors and/or Assigns
NC1-026-06-01
900 W. Trade Street, Suite 650
Charlotte, NC  28255
Loan Number:  3405385

All other policy terms and conditions remain unchanged.


ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

BBI_001182

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 6

**INSURED:**          Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                     Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**   December 31, 2019


The following provisions are hereby attached to and made part of this **Policy**:

### NOTICE OF CANCELLATION AND NON RENEWAL TO CERTIFICATE HOLDER

This endorsement modifies the insurance provided under this policy as follows:

We shall provide 30 days written notice, in accordance with the policy provisions, in the event this
policy is cancelled or non-renewed to the entity(ies) shown below:

Notice will be mailed to:

Deutsche Bank Trust Company Americas
as Collateral Agent and its successors and assigns as their interest may appear
60 Wall Street
New York, NY 10005

All other policy terms and conditions remain unchanged.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

**BBI_001183**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 7

**INSURED:**      Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**      December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

### NOTICE OF CANCELLATION AND NON RENEWAL TO CERTIFICATE HOLDER

The following provisions are hereby attached to and made part of this Policy:
Key Bank/Berkadia Loan No: 010073585
Bank of America Loan No: 3414641

This endorsement modifies the insurance provided under this policy as follows:

KeyCorp Real Estate Capital Markets, Inc. d/b/a KeyBank RealEstate Capital as Master Servicer for
Wells Fargo Bank, National Association as Trustee on behalf of the registered holders of
Morgan Stanley Capital, Inc., Commercial Mortgage Pass-Through Certificate, Series 2012-C4, c/o
Berkadia Commercial Mortgage as Subservicer on behalf of KeyCorp Real Estate Capital Markets
Inc.
d/b/a KeyBank Real Estate Capital.

Berkadia Commercial Mortgage
P.O. Box 14447
Des Moines, IA 50306

**MORTGAGEE CLAUSE**

Loss or damage, if any, under this policy, shall be payable to any mortgagee, (or trustee) as
designated herein by endorsement or certificate of insurance, as interest may appear, under all
present or future mortgages upon the property herein described in which the aforesaid may have an
interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance, as to
the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect
of the mortgagor or owner of the within described property, by any foreclosure or other proceedings
or notice of sale relating to the property, nor by any change in the title of ownership of the property,
(provided insured has insurable interest in property) nor by the occupation of the premises for
purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or
owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on
demand, pay the same.

Provided, also, that the mortgagee (or trustee) shall notify this Company(ies) of any change of
ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee
(or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or

**BBI_001184**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

This Company(ies) reserves the right to cancel this policy at any time as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee (or trustee) for 10 days after notice to the mortgagee (or trustee) of such cancellation and shall then cease, and this Company(ies) shall have the right, on like notice, to cancel this agreement.

Whenever this Company(ies) shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this Company(ies) shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest accrued thereon to the date of such payments, and shall receive a full assignment and transfer of the mortgage and of all such other securities; but not subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of said mortgagee's (or trustee's) claim.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

BBI_001185

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 8

**INSURED:**          Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                      Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**   December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

### NOTICE OF CANCELLATION AND NON RENEWAL TO CERTIFICATE HOLDER

This endorsement modifies the insurance provided under this policy as follows:

We shall provide 30 days written notice, in accordance with the policy provisions, in the event this
policy is cancelled or non-renewed to the entity(ies) shown below:

Notice will be mailed to:

Annaly CRE Holdings LLC ISAOA ATIMA
c/o Trimont Real Estate Holdings LLC
3424 Peachtree Rd NE, Suite 2200
Atlanta, GA 30326

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

**BBI_001186**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 9

**INSURED:**              Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                          Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**       December 31, 2019

### LENDER'S LOSS PAYABLE ENDORSEMENT

Loss or damage, if any, under this policy shall be payable first to **Wells Fargo Bank, National Association, as Administrative Agent, ISAOA ATIMA, 1740 Broadway, Denver, CO 80274,** as its interests may appear. This insurance, solely as to the interest of Bank, shall not be impaired, invalidated or affected to the extent permitted by applicable law by any act or neglect of the insured, or of any mortgagor or owner of the within described property; nor by any lien, security interest or bailment affecting such property; nor by any foreclosure, notice of sale, enforcement of lien, condemnation or other proceedings relating to the property; nor by any change in title, beneficial ownership, occupancy or risk, including, without limitation, use of the property for a more hazardous purpose than permitted by the policy; nor by any bankruptcy, liquidation or other debtor relief proceedings relating to the insured or any owner of the property; nor by any errors, omissions or improper reporting by the insured.

In the event of failure of the Insured to pay any premium or additional premium which shall be or become due under the terms of this policy or on account of any changes in occupancy or increase in hazard not permitted by this policy, this Company agrees to give written notice to the Bank of such non-payment of premium. Within 10 days of written request by the insurance company, the Bank may pay the increased premium associated with such known change or, if the Bank elects not to timely pay the increased premium, all coverage under this policy will cease.

All notices required to be given to the insurance company by the insured are waived as to Bank. If the insured fails to render proof of loss within the time specified in this policy, the insurance company agrees to notify Bank, and Bank shall have 30 days from receipt of such notice to file a claim, irrespective of the provisions of this policy. The right of Bank to recover the full amount of its claim shall not be impaired or otherwise affected by any right of subrogation to which the insurance company may become entitled. Any such subrogation shall be subordinate to Bank's liens and right to payment for all indebtedness owing to it. If the insurance company pays to Bank any loss or damage that is not payable to the insured under this policy, the insurance company may, at its option, pay to Bank the full amount of the indebtedness (matured and unmatured) owing to Bank and thereupon receive an assignment of such indebtedness and all related security therefor.

It is further agreed that there shall be no assignment, cancellation, nonrenewal or other alteration of the policy in any way that affects Bank's rights or interests, unless the insurance company provides at least 30 days prior written notice to Bank of such contemplated action, by first class mail directed to Bank's address shown above (or such other address as Bank shall hereafter specify in a written notice to the insurance company).

ALL OTHER POLICY TERMS AND CONDITIONS REMAIN UNCHANGED.

**BBI_001187**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 10

**INSURED:**          Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                     Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**   December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

### DEDUCTIBLE REIMBURSEMENT ENDORSEMENT

Whenever mortgage or lease conditions require insurance protection without deductibles or with deductibles less than are provided herein, the Insurer agrees to make payment without consideration of the applicable deductible. The Insured agrees to reimburse the Insurer for any payments so made within a reasonable time after settlement of the loss, not to exceed thirty (30) days.


ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

**BBI_001188**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 11

**INSURED:**         Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                    Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**  December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

## INFECTIOUS OR CONTAGIOUS DISEASE EXTENSION

This Policy is extended to insure loss as insured hereunder resulting from either the interruption of or interference with the business carried on by the Insured at the location in direct consequence of:

A.   An outbreak of Infectious or Contagious Disease manifested by any person while at an insured location including the expense of any necessary clean-up or decontamination

B.   Injury or Illness sustained by any guest arising from traceable to foreign or injurious matter in food or drink provided at an insured location

Provided that the above A. and B. necessitate the closure of the whole or part of the location either by order of competent Public Authority or the Insured

D.   Closing of the whole or part of the insured location either by order of a competent public authority or the Insured consequent upon vermin or pests or defects in the drains and other sanitary arrangements at the insured location

Provided always that the insurance under this coverage shall be subject to the following Special Conditions and that all the conditions of the Policy (except in so far as they may be hereby expressly varied) shall apply as if they had been incorporated herein.

SPECIAL CONDITIONS

1.  The liability of the Insurer shall in no case under this coverage exceed $10,000,000 any one occurrence.

2.  This coverage extension does not insure loss resulting from destruction from or damage directly or indirectly occasioned by or happening through or in consequence of Riot, Civil Commotion, War Invasion, Act of Foreign Enemy, Hostilities (whether war be declared or not), Civil War Rebellion, Revolution, Insurrection or Military or Usurped Power.

3.  This coverage extension does not insure loss resulting from, happening through, or occasioned by damage to any property whatsoever or any loss or expenses whatsoever resulting or arising therefrom or any consequential loss directly or indirectly caused by or contributed to or arising from ionizing radiations or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

**BBI_001189**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 12

**INSURED:**          Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                     Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**   December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

### INTERIM PREMIUM ADJUSTMENT (ADDITIONS/DELETIONS) ENDORSEMENT

With respect to changes to the statement of values, no adjustment in premium shall be made unless the values so reported represent a total insured value increase of USD 15,000,000 or more. If the values do exceed such threshold, the Insurer agrees to charge a pro-rata (as to time and value) additional premium.

Similarly, if the values of a divested "location" or schedule of "locations" exceed USD 15,000,000, the Insurer agrees to allow a pro-rata (as to time and value) return premium. No adjustment shall be made if the values of a divested "location" or schedule of "locations" do not exceed USD 15,000,000.


ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

**BBI_001190**

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 13

**INSURED:**          Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**  December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

### Loss Adjustment Expense Threshold

It is hereby understood and agreed the insurer will pay their proportional share for the Loss Adjustment Expenses incurred for claims that breach $250,000 on a ground-up basis. The insured will involve the assigned adjuster named in the policy wording.


ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

BBI_001191

Bloomin' Brands, Inc.
Chubb Bermuda Insurance Ltd.
BLOOMIN 01547P02

## ENDORSEMENT NO. 14

**INSURED:**          Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, and PRP
                      Properties, LLC and as more fully defined herein

**EFFECTIVE DATE:**   December 31, 2019

The following provisions are hereby attached to and made part of this **Policy**:

### General Change Endorsement

**1. Under Declarations, Section F. Limits of Liability the following sublimits are added:**
(z)   US$5,000,000 per occurrence with respect to Damages and Penalties
(aa)  US$5,000,000 per occurrence with respect to Fine Arts
(bb)  US$5,000,000 per occurrence with respect to Land and Water Contaminant or Pollutant Clean-up, Removal or Disposal

**2. The following clauses are deleted in their entirety:**
          -Under Coverage Extensions: G. DEFENSE COSTS
          -Under Policy Provisions: 23. Appraisal
          -Under Policy Provisions: 29. Suit Against the Company
          -Under Policy Provisions: 33. Non-Renewal
          -Under Policy Provisions: 36. Conformance
          -Under Policy Provisions: 40. Liberalization

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

**BBI_001192**